BEFORE THE THIRD DIVISION, DECEMBER 1, 1955

**No. 59509.**—J. D. Smith Inter-Ocean, Inc. *v.* United States, protest 201063–K (New York).

EKWALL, Judge: This case involves an importation of musical instruments and parts from France. Plaintiff claims that, due to a clerical error, the last three items on the invoice were noted as valued at French francs 490 each, whereas the proper unit of value was French francs 49 per piece.

At the trial of the case, all of the entry papers transmitted to the court by the collector and all the official correspondence attached thereto, together with the letter from the Bureau of Customs, were admitted in evidence. Government counsel stated the Government's claim to be that the appraiser could not correct or change his appraisement, that is, he could not make a second appraisement after his finding had been lodged with the collector.

The official papers show two customs Forms "MEMORANDUM TO ACCOMPANY INVOICE," in which the collector's office requested clarification of the appraisement for the items in question. To this, the appraiser replied:

Coll: Items X page 2 appraised in French Francs 49.00 each not 490 Francs apparent error in unit of value.

The second communication from the collector's office to the appraiser reads:

Please note last 3 items on second sheet of amended values shows 500 pieces each line at 490 each (other items that were valued at so much per 100 were notated to this effect).

For your information, this office will be required to liquidate on basis of 490 each for these three lines as so entered and approved by Appraiser (Appraised column checked on summary, approving entered value). Note that *your notation on add to make market value sheet (per 10 pieces) was added after appraisement.* [Italics quoted.]

The appraiser's reply thereto is as follows:

Coll:

Appraisement of the last 3 items on second sheet. It was the intention of this office to appraise these items at Fr. Francs 49.00 each or 490 Fr. Francs per 10 pieces.

Your remarks noted.

All of these communications are dated subsequent to the date of the original appraisement.

Counsel for the plaintiff introduced the evidence of the entry clerk for the customs broker, the importer of record. His testimony may be summarized as follows. He testified that all entries went through his supervision. Before making entry in this case, the invoice was presented to the United States appraiser for information, and the witness was told to "Enter in Column 11, plus 1.01 per cent tax—plus tax." He verified all the values. In preparing the entry, he did not intend to enter at francs 490 per unit, but at francs 49, as to the three items involved. The total estimated duties that were deposited were calculated on the basis of a unit value of francs 49 per unit, and the extension is per francs 49 per unit.

On cross-examination, he admitted that he did not prepare the worksheet in evidence (collective exhibit 3), but gave instructions to an entry clerk to follow column 11 prices and to recheck values. He admitted that the last three items on page 2 of the invoice and on the worksheet show unit figures of 490.

On redirect examination, he stated that the worksheet showed a value for 500 pieces for each of the last three items to be francs 24,500, which would be on the basis of francs 49 each.

Even were we to conclude that the evidence is sufficient to prove clerical error, as defined by the courts, the power of the court to order a reliquidation in a protest case for error in the entered value is limited to cases where the final appraised value is the same as, or less than, the entered value would be if corrected. *Bernard* v. *United States*, 52 Treas. Dec. 504, T. D. 42525; *S. M. Levor & Co.* v. *United States*, 54 Treas. Dec. 693, Abstract 7361; *C. J. Tower* v. *United States*,

55 Treas. Dec. 1110, Abstract 8470; *J. J. McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401; and *Decorative Plant Co.* v. *United States*, 59 Treas. Dec. 1543, Abstract 15078. The unit value returned by the appraiser in his original appraisement is the appraised value. *United States* v. *Kuttroff*, 9 Ct. Cust. Appls. 239, T. D. 38204; *Igstaedter* v. *United States*, 11 Ct. Cust. Appls. 477, T. D. 39570; *United States* v. *Manahan*, 24 C. C. P. A. (Customs) 53, T. D. 48333.

The appraiser can make but one appraisement, which is complete and subject to no further change when it has been physically transmitted to and lodged with the collector. *Igstaedter & Co.* v. *United States, supra*; *Ringk & Co.* v. *United States*, 12 Ct. Cust. Appls. 40, T. D. 39980; *F. W. Myers & Co.* v. *United States*, 36 Treas. Dec. 194, T. D. 37934; *Ainslee Knitting Machine Co., Inc.* v. *United States*, 69 Treas. Dec. 954, T. D. 48339; *The Gruen Watch Company* v. *United States*, 24 Cust. Ct. 101, C. D. 1216.

Upon the record, we find no error in the collector's liquidation. The protest is, therefore, overruled. Judgment will be rendered accordingly.