## UNITED STATES *v.* WOOD & SONS (No. 2314).[1]

1. COLLECTOR MAY NOT APPRAISE.

   Where the appraiser reported a unit value to the collector and the collector found another for himself, this was a reappraisement by the collector and void.

2. EXCESS MERCHANDISE—EXCESS WEIGHT—APPRAISEMENT.

   A sealed package of diamonds was entered at a net total value of 71,312.06 milreis. The consular invoice erroneously stated 121.25 carats @ 585.075 milreis. The private invoice submitted to the collector prior to liquidation, and the appraiser's report, declared 9 diamonds weighing 45.75 carats @ 280 milreis and 118 weighing 175.50 carats @ 280 milreis. The collector divided the entered value by the erroneous 121.25 carats stated in the consular invoice, thus obtaining a unit value of his own, and, treating the difference of 100 carats between the weight in the consular invoice and that in the private invoice and the appraiser's report as excess merchandise, levied further duty accordingly. The appraisement was not less than the entered value and should have been followed. The appraisement by the collector was void. The whole package was entered, and the 100 carats discrepancy was simply excess weight, not excess merchandise.

United States Court of Customs Appeals, February 25, 1924.

APPEAL from Board of United States General Appraisers, G. A. 8665 (T. D. 39707).

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Pelham St. George Bissell,* special attorney, of counsel), for the United States.
*Comstock & Washburn* (*George J. Puckhafer* of counsel) for appellees.

[Oral argument December 13, 1923, by Mr. Hoppin and Mr. Puckhafer.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges; HATFIELD, Associate Judge, participating in the decision by agreement of counsel.

---

[1] T. D. 40050.

SMITH, Judge, delivered the opinion of the court:

A sealed package containing 127 diamonds, weighing 221.25 carats, was imported at the port of New York. The consular invoice mistakenly stated that the package contained rough diamonds weighing 121.25 carats at the unit price of 585.075 milreis. The private invoice, which was submitted to the collector prior to liquidation, declared that the package contained 9 diamonds, weighing 45.75 carats, valued at 500 milreis per carat, and 118 diamonds, weighing 175.50 carats, at 280 milreis per carat. The private invoice correctly specified the number and the weight of the diamonds, but, due to an error in multiplication, incorrectly fixed the total value at 71,015 milreis instead of 72,015 milreis.

The importation was entered at a gross value of 72,398.625 milreis less nondutiable charges amounting to 1,086.025 milreis, or a net total entered value of 71,312.06 milreis.

The appraiser found in the package imported 127 diamonds having a total weight of 221.25 carats. Nine of the diamonds, weighing 45.75 carats, were appraised at 500 milreis per carat, or a total of 22,875 milreis, and 118 of the diamonds, weighing 175.50 carats, were appraised at 280 milreis per carat, or 49,140 milreis. The total appraised value of the importation was 72,015 milreis.

Notwithstanding the fact that all of the stones imported having a total weight of 221.25 carats were appraised at a unit value according to quality, the collector disregarded the units of value found by the appraiser and undertook to reappraise the merchandise at a *uniform* unit value.

By dividing the total entered value by 121.25 carats, the incorrect weight set out in the consular invoice, the collector determined the unit value to be 585.075 milreis and on the assumption that excess weight was excess merchandise applied that unit to the extra weight of 100 carats disclosed by the private invoice and the appraiser's report.

The importers protested against the liquidation made on that basis and the board sustained the protest, from which ruling the Government appealed.

There was no excess merchandise inasmuch as the importers entered the entire sealed package, which admittedly contained 127 diamonds. Their weight as entered, it is true, was less than their true weight, but that amounted to a deficiency in the weight of the diamonds, and did not represent merchandise in excess of that entered. The unit value of 585.075 milreis was greater than any unit value fixed by the appraiser and was applied by the collector without regard to the quality or class of the diamonds involved. The action of the collector was nothing less than a reappraisement of the merchandise and that reappraisement he had no authority to

make. The appraiser described the merchandise and determined the weight and unit value of both qualities of diamonds imported. On those facts officially reported to the collector he should have made his assessment of duty unless the entered value exceeded the appraised value. The entered value did not exceed the appraised value and as no unit value was entered the collector should have applied the appropriate appraised unit of value to the weight of the two grades of diamonds imported in order to ascertain the value of the importation. The collector did not do that and the judgment of the Board of General Appraisers must therefore be *affirmed.*