KARL NEUHOFF *v.* UNITED STATES

**No. 4428.**—Invoice dated Wuppertal, Germany, November 23, 1936.
Certified November 24, 1936.
Entered at New York December 7, 1936.
Entry No. 782230.

(Order dated October 26, 1938)

Strauss & Hedges (William F. X. Band of counsel) for the plaintiff.

Webster J. Oliver, Assistant Attorney General (Samuel D. Spector, special attorney), for the defendant.

## ORDER

When the trial of this appeal to reappraisement was called, the attorney for the defendant moved to dismiss same on the ground that said appeal to reappraisement was not filed by the plaintiff with the collector within 30 days after the appraisement of said merchandise as provided in section 501, Tariff Act of 1930, and therefore claims that this court has no jurisdiction over said appeal. It is undisputed that this merchandise was appraised as *voluntarily* entered, but it is the contention of the attorneys for the plainitff that plaintiff received no notice from the collector of the appraisement of the instant merchandise and they further claim that notwithstanding the merchandise was appraised as *voluntarily* entered it was the duty of the collector under the said section to give a written notice of appraisement to the plaintiff. It is also agreed that the plaintiff did not file his appeal to reappraisement within 30 days after the appraisement of said merchandise. However said attorneys further contend that the plaintiff did file his appeal to reappraisement within the time provided by law after receiving a letter from the collector which is attached to plaintiff's brief, declining to give notice of appraisement of the instant merchandise. They contend that said letter was a legal notice and that therefore this court has jurisdiction of same.

It has been held by our appellate court that a written notice of appraisement to the consignee or his agent under section 501, Tariff Act of 1922, was mandatory and compliance therewith was essential to the legality of an appraisement. In the case of *Peabody* v. *United States*, 12 Ct. Cust. Appls. 354, T. D. 40491, which arose by petition for remission under section 489, Tariff Act of 1922, the question of when an appraisement became final was involved, and the appellate court held that there was no legal appraisement until written notice thereof had been mailed or delivered to the proper parties. The court stated in the decision in part as follows:

It is true that the actual decision of the appraiser was made when he filed his report with the collector. It was an appraisement in fact, but the statute requires something more than the actual appraisal of the merchandise and the filing of a report thereof with the collector. *Notice in writing thereof must be delivered to or mailed to the consignee, or his agent,* before such appraisement becomes a legal appraisement. [Italics mine.]

It seems clear that the importer could not be required to file a petition for remission of additional duties until it had been legally determined that the Government was entitled to the same.

Until the statute is complied with there is * * * no decision from which the importer need appeal, * * *.

If the appraisement does not become a legal one, *unless* the provisions of the statute pertaining to notice are complied with, it could not be considered a legal appraisement *until* such provisions of the statute are complied with.

Accordingly, when the provisions of the law have been complied with by the officers of the Government charged with the duty and responsibility of carrying out such provisions, a legal and valid appraisement has been made, and as of that date.

In the later case of *United States* v. *Tampa Box Co.*, 15 Ct. Cust. Appls. 360, T. D. 42561, the said court held a liquidation void because it was based on an appraisement which was void for lack of notice having been furnished the importer, citing and following the rule stated in the *Peabody* case, *supra*.

It should be borne in mind that both of the above-cited cases were decided before Congress enacted the Tariff Act of 1930. Therefore, it is reasonable to assume that Congress knew the import of them before and when it enacted said Tariff Act.

Section 501, Tariff Act of 1922, so far as pertinent to this case, is as follows:

SEC. 501. REAPPRAISEMENT.—The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the Board of General Appraisers by the collector within sixty days after the date of the appraiser's report, or filed by the consignee, or his agent, with the collector within ten days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. No such appeal filed by the consignee, or his agent, shall be deemed valid, unless he has complied with all the provisions of this Act relating to the entry and appraisement of such merchandise.

So, in view of the above decisions, it is well settled that under section 501, Tariff Act of 1922, it is imperative that the consignee or his agent should receive notice of appraisement under said section. This appeal to reappraisement, however, was under the Tariff Act of 1930 and section 501 of said act is very different from section 501, Tariff Act of 1922. Said section 501, Tariff Act of 1930, insofar as important in this case, is as follows:

SEC. 501. NOTICE OF APPRAISEMENT—REAPPRAISEMENT.—The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) *the appraised value is higher than the entered value*, or (2) a change in the classification of the merchandise results from the *appraiser's determination of value*. The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. No such appeal filed by the consignee or his agent shall be deemed valid, unless he has complied with all the provisions of this Act relating to the entry and appraisement of such merchandise. [Italics mine.]

As heretofore stated this is a *voluntary* entered price. Therefore it is not necessary for me to pass, nor am I passing upon the legal proposition, to wit: that if merchandise is entered at a duress entered price and appraised at that price, whether the collector, under section 501, Tariff Act of 1930, would be required to give written notice of appraisement to the consignee, his agent, or his attorney.

After carefully considering this motion, and in view of the fact that an appeal to reappraisement from an appraisement accepting a *voluntary* entered value was not taken by the plaintiff within 30 days after the appraisement of the instant merchandise, I am of the opinion, and so hold, that this court has no jurisdiction over this appeal to reappraisement. I am also of the opinion, and so hold, that, in view of the fact that the instant merchandise was appraised as *voluntarily* entered, the collector was not required under section 501, Tariff Act of 1930, to give a written notice of the appraisement of same to the plaintiff, his agent, or his attorney. Therefore, said motion to dismiss is hereby granted and an exception to this ruling is given the attorneys for the plaintiff.

It is so ordered.

D. H. KINCHELOE, *Judge.*