## KARL NEUHOFF v. UNITED STATES

No. 4586.—Invoice dated Woppertal, Germany, November 23, 1936.
Certified November 24, 1936.
Entered at New York December 7, 1936.
Entry No 782230.

### Third Division, Appellate Term

(Decided June 1, 1939)

*Strauss & Hedges* (*Eugene F. Blauvelt* of counsel) for the appellant.
*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellee.

Before CLINE, EVANS, and KEEFE, Judges; CLINE, J., not participating

EVANS, Judge: This is an application for review of a decision by a single judge who ordered a dismissal of the appeal to reappraisement on the motion of the Government upon the ground that he was without jurisdiction inasmuch as the appeal to reappraisement was not filed within the statutory time. The merchandise was appraised as entered and under authority of section 501 of the Tariff Act of 1930 the lower court held, in an order reported in Reap. Dec. 4428, that, there being no change in classification and the appraised value not being higher than the entered value, there was no requirement that the collector send notice of appraisement. It was conceded that the appeal was not filed within thirty days after the date of appraisement. The importer claimed that he did not receive notice of appraisement upon inquiry as to whether the merchandise had been appraised and

that his appeal was filed within thirty days from the date of receipt of advice by letter from the collector declining to give notice of appraisement.

This court can add little to the able exposition of the law as given by the trial judge and we feel that there is no necessity for further elaboration except to say that, as the right of appeal is purely statutory, and because of the fact that appeal must be taken within thirty days from the receipt of notice, and of the further fact that the statute requires no notice to be given when there is no advance or no change in classification results from the appraiser's finding of value, it would seem to follow that there is no right of appeal under the statute in a situation such as we have before us.

A point is made of the fact that no formal order in the nature of a judgment order was made and entered in this case. We observe that the caption of the opinion calls it an order. The concluding sentences are as follows:

Therefore, said motion to dismiss is hereby granted and an exception to this ruling is given the attorneys for the plaintiff.

It is so ordered.

No other or different or formal order of dismissal was entered. However, we think the fair interpretation of the language last quoted is to the effect that the motion was well taken and that the appeal to reappraisement was ordered dismissed. This dismissal constitutes a final order from which an appeal could be and was properly taken.

In our opinion the decision of the lower court should be and the same is hereby affirmed, and the appeal is dismissed.

Judgment will be rendered accordingly. It is so ordered.