**No. 58482.**—Louis Greenberg & Son, Inc. *v.* United States, protest 205147–K (New York).

EKWALL, Judge: Plaintiff in this case claims that the liquidation is in error for the reason that the merchandise was actually entered and duty paid upon a basis of value per gross and that appraisement was made on the same basis; further, that the appraiser intended to appraise on the same basis, as entered, and, hence, there was no increase in the dutiable value. Alternatively, it is claimed that if the appraisement was made on the basis of value per dozen such appraisement constitutes an advance in value, and the importer is entitled to a notice of appraisement under section 501 of the Tariff Act of 1930, as amended.

At the hearing, counsel for the plaintiff offered in evidence and there were received the collector's letter of transmittal, the entry and invoice papers, together with all of the papers attached thereto. Counsel for defendant stated that the collector's letter of transmittal sets forth the Government's position and that the Government had no objection to all of the papers transmitted to the court by the collector being received in evidence. The case was then submitted.

Said collector's letter is in the following language:

Claim is made that clerical error was made in regard to the entered and appraised unit values.

The items involved were entered showing unit values per dozen and appraised as entered. The importer contentds [*sic*] that the entered unit values were actually per gross and were extended on the invoice on the basis of per gross. In liquidation, the unit values per dozen were used in accordance with the appraisement.

Since the report of the appraisement was lodged with the Collector and the importer took no appeal to reappraisement under section 501 of the Act of 1930, the appraisement has become final in all respects. Even though the entered unit values might be corrected in accordance with the importer's contentions, the appraised unit values would have to form the basis of the liquidation as provided for in section 503 TA 30.

In view of the above there is no provision of law under which a reliquidation can be ordered.

As far as the notice of appraisement under section 501 of the Act of 1930 is concerned, since the merchandise was appraised and entered on a unit price per dozen, there was no such advance or other change under section 501 of the Act of 1930, that would make it necessary for the Collector to send the notice demanded.

The protest was timely filed.

Plaintiff apparently relies upon the corrected consular invoice and the statement attached thereto by the shipper, which, it is claimed, explains the nature of the alleged clerical error.

By reference to said statement, we find that it alleges that the consular invoice contained certain enumerated errors in three items, in which the unit "per gross pairs" was stated erroneously as "per dozen pairs." The statement concludes as follows:

Under the circumstances mentioned above, we hereby declare, that the unit "per dozen pairs" for the three items is wholly and entirely a clerical error on the part of The Nitto Transport Co., Ltd. of Yokohama, and that the unit should have been stated as "per gross pairs."

The essence of clerical error is intention. *United States* v. *Wyman & Co.*, 4 Ct. Cust. Appls. 264, T. D. 33485, and *J. J. McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401. The record herein is silent as to the intention of the person who made the alleged mistakes in the consular invoices.

The power of the court to order a reliquidation in a protest case for clerical error in the entered value is limited to cases where the final appraised value is the same or less than the entered value would be, if corrected. *Bernard* v. *United States*, 52 Treas. Dec. 504, T. D. 42525; *S. M. Levor & Co.* v. *United States*, 54 Treas. Dec. 693, Abstract 7361; *C. J. Tower* v. *United States*, 55 Treas. Dec. 1110, Abstract 8470; *J. J. McQuillan* v. *United States, supra*; and *Decorative Plant Co.* v. *United States*, 59 Treas. Dec. 1543, Abstract 15078. Inasmuch as the items in dispute were appraised at a unit value per dozen, the court is without power to order a reliquidation on a value per gross, in absence of an appeal to reappraisement.

As to the claim that the importer is entitled to a notice of appraisement under section 501, *supra*, this claim is overruled since there was no advance in value, the merchandise being appraised, as entered, on a unit price per dozen.

On the record, we find that the plaintiff has failed to sustain its burden of proof. The protest is therefore overruled.

Judgment will be rendered accordingly.