**No. 58530.**—S. H. Pomerance Co., Inc. *v*. United States, protest 215412–K (New York).

EKWALL, Judge: In this case, plaintiff imported watchcases and movements from Switzerland. Cases and movements are subject to different rates of duty. It is claimed that due to a clerical error plaintiff was compelled to pay excessive duty on the importation. From the facts as developed at the trial, it was established that plaintiff received notice from the appraiser that the merchandise would be appraised at certain figures higher than those at which entry was made, and an opportunity was given to amend the entry. Thereupon, an attempt was made to make such amendment in order that the entry might correspond with the figures furnished by the appraiser. However, through a mistake, the unit entered values for the movements and those applicable to the cases were transposed on the worksheet. The amended values appear thereon as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| Movements | 200 pcs. @ | Sw. Fcs. | 12.95 | = Sw. Fcs. | 2, 590. 00 |
| Cases | 200 pcs. @ | " " | 20.35 | = " " | 4, 070. 00 |
| | | | | Sw. Fcs. | 6, 660. 00 |
| | | | | Less 5% | 333. 00 |
| | | | | Sw. Fcs. | 6, 327. 00 |
| | | | | + Pkg. | 5. 00 |
| | | | Amend. Val. Sw. Fcs. | 6, 332. 00 |
| | | | Ent. Val. | 6, 332. 00 |

No change in Total

The appraiser approved the unit values as so entered, as indicated by his red-ink check mark on the summary sheet. The collector, therefore, used the amended values as a basis for liquidation. No advance in value over the amended entered values having been made, no appeal for reappraisement was filed, and the appraisement became final and conclusive. (Section 501, Tariff Act of 1930, as amended.)

Plaintiff claims that the transposition of the values for the movements and cases was due to a clerical error, by reason of which it is entitled to redress. It is claimed on behalf of the Government that, even if clerical error had been established by the evidence, the appraised value being higher than the entered value, under the provisions of section 503 of the Tariff Act of 1930, the collector must assess duty on the higher value and that neither the appraiser by correction nor the court in a protest proceeding may alter such appraised value.

Said section 503 at the time of this importation was in the following language:

(a) GENERAL RULE.—Except as provided in section 562 of this Act (relating to withdrawal from manipulating warehouses) and in subdivision (b) of this section [duress entries], the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher.

The testimony adduced discloses that the mistake in the worksheet figures was made by a person who worked under the supervision of another clerk employed by the customhouse broker, the importer of record herein. The person who made the mistake was no longer employed by the plaintiff. The supervising clerk, who testified in this case, stated that there were a number of these entries to be amended to conform to the information given by the customs officials and

that he and his assistant performed this work. The particular entry here involved was amended by his assistant. The witness stated that he explained to said assistant exactly what the appraiser's figures were and instructed him to follow them in making the amendments. These instructions were not carried out, in that the assistant transposed the values of the movements and cases in amending the entry here involved.

As has been held in numerous cases, the essence of clerical error is intention. *United States* v. *Wyman & Co.*, 4 Ct. Cust. Appls. 264, T. D. 33485; and *J. J. McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401. The evidence in the case before us establishes that the person in charge of amending the entry instructed someone under his supervision to amend this entry in accordance with the figures given by the customs officials. Why the figures for the movements and cases were transposed by the one who actually made up the worksheet here involved has not been shown, for the reason that the person who performed the work was not present at the trial and did not testify. The court, therefore, is without knowledge as to his intention. The testimony of his superior indicated that there were a large number of entries involved in these amendments. Whatever the circumstances, the mistake was made by a person whose testimony was not offered or received in evidence.

Even were we to conclude that the evidence was sufficient to prove clerical error, as defined by the courts, the power of the court to order a reliquidation in a protest case, for error in the entered value, is limited to cases where the final appraised value is the same or less than the entered value would be if corrected. *Bernard* v. *United States*, 52 Treas. Dec. 504, T. D. 42525; *S. M. Levor & Co.* v. *United States*, 54 Treas. Dec. 693, Abstract 7361; *C. J. Tower* v. *United States*, 55 Treas. Dec. 1110, Abstract 8470; *J. J. McQuillan* v. *United States*, *supra*; and *Decorative Plant Co.* v. *United States*, 59 Treas. Dec. 1543, Abstract 15078. The final appraised value of the watchcases in suit, which is the unit appraised value, is Swiss francs 20.35, which is higher than the entered value would be if corrected to meet the plaintiff's figures, viz, Swiss francs 12.95.

We have examined the cases cited in plaintiff's brief, in which relief was granted by the court in cases of clerical error, and find that they have no application in the instant case. In the cited cases, correction was made by the court in errors involving quantity, which did not affect the unit appraised values, or the court corrected a clerical error in the statement of a discount on the entry, where it appeared that the actual calculations had been properly made on the correct basis both on the entry and in the appraisement. In the latter instance, the correction of the clerical error in the entry did not affect either the unit entered value or the unit appraised value, as actually calculated on the entry, and the court was able to afford relief. The relief sought in the instant case would require the court to alter the appraised value in a protest proceeding after the appraisement had become final by the terms of the statute.

For the reasons above set forth and under the decisions cited, plaintiff's claim for reliquidation at less than the final appraised value is overruled.

Judgment will be rendered accordingly.