BEFORE THE THIRD DIVISION, MAY 3, 1956

**No. 59884.**—Sheffield Merchandise, Inc. *v.* United States, protest 228514-K (New York).

EKWALL, Judge: This case involves an importation of watches, which plaintiff claims were entered at incorrect values due to clerical error. Importation took place prior to the effective date of the Customs Simplification Act of 1953,

T. D. 53318, during the period in which section 503 (a) of the Tariff Act of 1930 was in effect.

Under paragraph 367 of said tariff act, watchcases and movements are subject to different rates of duty, the cases being subject to an ad valorem rate and the movements subject to a specific rate. The record discloses that, in preparing the *pro forma* invoice, the values of the movements and the cases were transposed, as a result of which the unit value of the cases was shown as Swiss francs 7.35 each and the value of the movements as Swiss francs 2.30. In view of the concession by counsel for the defendant that the evidence produced at the hearing proved satisfactorily that there was an error in the entered value, it is unnecessary to lengthen this decision by a discussion of the evidence. It is the position of counsel for the defendant, however, that as the appraiser approved the entered value and no appeal for reappraisement was filed under section 501, as amended, of said tariff act, the appraised value, whether or not erroneous, has by operation of law become final and conclusive against all parties.

Section 503 (a) of the Tariff Act of 1930 provided as follows:

SEC. 503. DUTIABLE VALUE.

(a) GENERAL RULE.—Except as provided in section 562 of this Act (relating to withdrawal from manipulating warehouses) and in subdivision (b) of this section [duress entries] the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher.

The watchcases here involved were entered at a unit value of Swiss francs 7.35 each. That the entered value of importations is represented by the unit value declared upon entry is well established. *United States* v. *Woodward-Newhouse Co.,* 11 Ct. Cust. Appls. 284, T. D. 39100, and *Downing* v. *United States,* ibid. 310, T. D. 39128. The appraiser's red-ink check on the summary sheet shows that the watchcases were appraised at Swiss francs 7.35 each. That check is the final act of the appraiser and constitutes his appraisement. *Lunham & Moore* v. *United States,* 42 Treas. Dec. 377, Abstract 45342, and *Loudon* v. *United States,* 9 Cust. Ct. 635, 638, Reap. Dec. 5731. That the appraiser can make but one appraisement and that after such appraisement has been lodged with the collector it cannot be altered or amended, except upon an appeal for reappraisement under section 501, *supra*, is well-settled law. *United States* v. *Bennett & Loewenthal,* 2 Ct. Cust. Appls. 249, T. D. 31975; *Ringk* v. *United States,* 12 Ct. Cust. Appls. 40, T. D. 39980; *United States* v. *Dorn,* 13 Ct. Cust. Appls. 130, T. D. 40961; *Stahel* v. *United States,* 55 Treas. Dec. 570, T. D. 43315; *Ainslee Knitting Machine Co., Inc.* v. *United States,* 69 Treas. Dec. 954, T. D. 48339; and *Jaburg Bros.* v. *United States,* 73 Treas. Dec. 117, T. D. 49360. Nor can such appraisement be altered by the collector, even where, as in the case at bar, the appraiser acknowledges an error in the appraisement. No appeal for reappraisement having been filed, the appraised value, though erroneous, is final and conclusive upon all parties. See also *United States* v. *Van Ingen,* 5 Ct. Cust. Appls. 432, T. D. 34970; *Igstaedter* v. *United States,* 11 Ct. Cust. Appls. 477, T. D. 39570; *United States* v. *Wood,* 12 Ct. Cust. Appls. 126, T. D. 40050; and *Balfour, Guthrie* v. *United States,* 12 Ct. Cust. Appls. 376, T. D. 40541. Therefore, the unit appraised value of the watchcases here involved stands at Swiss francs 7.35 each. *United States* v. *Frank & Lambert,* 2 Ct. Cust. Appls. 239, T. D. 31973; *United States* v. *Bennett & Loewenthal,* 2 Ct. Cust. Appls. 249, T. D. 31975; and *Ringk* v. *United States,* supra.

The provisions of section 503 (a), *supra*, as in force at the time of entry herein, make it mandatory upon the collector to assess duty upon these watchcases at the ad valorem rate applicable upon the basis of the final appraised value, or the entered value, whichever is higher. A correction of a clerical error in the unit

entered value could not affect the liquidation or reliquidation of the entry. The appraised value of Swiss francs 7.35 is higher than the entered value would be, if corrected. Therefore, the collector is required to take duty on the basis of such higher value.

We have examined the cases cited in the brief filed on behalf of the plaintiff and find them inapplicable. In none of the cited cases did the court, in a protest proceeding under section 514, alter or amend a unit appraised value which had become final under section 501, *supra*, of the tariff act.

In the case of *S. H. Pomerance Co., Inc.* v. *United States*, 33 Cust. Ct. 439, Abstract 58530, where the circumstances were in all material respects the same as those here presented, this court decided adversely to the same contentions as those presented by counsel for the plaintiff herein. We quote the language of the court as follows:

Even were we to conclude that the evidence was sufficient to prove clerical error, as defined by the courts, the power of the court to order a reliquidation in a protest case, for error in the entered value, is limited to cases where the final appraised value is the same or less than the entered value would be if corrected. [Citing cases.]

Under authority of the *Pomerance* case, *supra*, which was not appealed, and the rulings therein cited, we overrule plaintiff's claim for reliquidation.

Judgment will be rendered accordingly.