**No. 59885.**—Louis Greenberg & Son, Inc. *v.* United States, protest 205147–K (New York).

EKWALL, Judge: This case is before us on rehearing, having been originally decided adversely to the importer's contentions in 33 Cust. Ct. 412, Abstract 58482. It is claimed on behalf of the plaintiff that the liquidation was in error, in that the merchandise was entered and duty paid upon a basis of value per gross, that the merchandise was appraised upon the same basis, and that the appraiser intended to appraise on the same basis; therefore, there was no increase in the dutiable value. Alternatively, it is claimed that if appraisement was made on the basis of the value per dozen of the earthenware salt and pepper shakers involved, such appraisement constitutes an advance in value, and the importer is entitled to a notice of appraisement under section 501 of the Tariff Act of 1930. Importation and entry took place prior to the effective date of the Customs Simplification Act of 1953, T. D. 53318.

On rehearing, plaintiff's counsel limited the claim to items No. N11037, N11038, and N11039. The case was originally submitted by the plaintiff upon all of the official papers transmitted by the collector to the court, including the collector's letter. Said collector's letter is as follows:

Claim is made that clerical error was made in regard to the entered and appraised unit values.

The items involved were entered showing unit values per dozen and appraised as entered. The importer contentds [*sic*] that the entered unit values were actually per gross and were extended on the invoice on the basis of per gross. In liquidation, the unit values per dozen were used in accordance with the appraisement.

Since the report of the appraisement was lodged with the Collector and the importer took no appeal to reappraisement under section 501 of the Act of 1930, the appraisement has become final in all respects. Even though the entered unit values might be corrected in accordance with the importer's contentions, the appraised unit values would have to form the basis of the liquidation as provided for in section 503 TA 30.

In view of the above, there is no provision of law under which a reliquidation can be ordered.

As far as the notice of appraisement under section 501 of the Act of 1930 is concerned, since the merchandise was appraised and entered on a unit price per dozen, there was no such advance or other change under section 501 of the Act of 1930, that would make it necessary for the Collector to send the notice demanded.

The protest was timely filed.

The court held that the record failed to prove the intention of the person who made the alleged mistakes in the consular invoices and that, as the items were entered at unit values per dozen and appraised as entered, the court was without power to order a reliquidation on a value per gross, in absence of an appeal for reappraisement.

On rehearing, the president of the importing firm testified as to the circumstances surrounding the entry of this merchandise.

We deem it unnecessary to discuss the evidence produced. Even if it be sufficient to prove clerical error in the unit values, the power of the court to order a reliquidation in a protest case for clerical error in the entered value is limited to cases where the final appraised value is the same or less than the entered value would be if corrected. *Bernard* v. *United States*, 52 Treas. Dec. 504, T. D. 42525; *S. M. Levor & Co.* v. *United States*, 54 Treas. Dec. 693, Abstract 7361; *C. J. Tower* v. *United States*, 55 Treas. Dec. 1110, Abstract 8470; *J. J. McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401.

The entered value is represented by the declared unit value, rather than the extended total value. *United States* v. *Woodward-Newhouse Co.*, 11 Ct. Cust. Appls. 284, T. D. 39100; *Downing* v. *United States*, 11 Ct. Cust. Appls. 310, T. D. 39128. That the appraised value is also represented by the unit value returned by the appraiser is well established. *Igstaedter* v. *United States*, 11 Ct. Cust. Appls. 477, T. D. 39570; *United States* v. *Kuttroff*, 9 Ct. Cust. Appls. 239, T. D. 38204; *United States* v. *Manahan*, 24 C. C. P. A. (Customs) 53, T. D. 48333. Therefore, the fact that the importer's extended total entered value may have been computed on some unit other than that declared as the unit entered value is immaterial. Here, the unit value of the articles involved was declared to be a price per dozen. These items were appraised as entered; therefore, the appraised value was the unit entered value per dozen. No appeal for reappraisement having been filed under section 501 of the Tariff Act of 1930, as amended, such appraised value became the final appraised value and was binding upon all parties.

As stated in our original opinion, under such circumstances, the collector was not required to furnish notice of appraisement under section 501, *supra*. *Loudon* v. *United States*, 72 Treas. Dec. 1120, Reap. Dec. 4141; *Bullocks* v. *United States*, 1 Cust. Ct. 629, Reap. Dec. 4400; *Neuhoff* v. *United States*, 1 Cust. Ct. 698, Reap. Dec. 4428, affirmed in 2 Cust. Ct. 981, Reap. Dec. 4586; *Geo. S. Bush & Co.* v. *United States*, 1 Cust. Ct. 821, Reap. Dec. 4479; and *United States* v. *Frank P. Dow Co.*, 3 Cust. Ct. 528, Reap. Dec. 4624.

In the absence of appeal for reappraisement under section 501, *supra*, the appraiser's return of value cannot be corrected by customs officers. Here, the appraiser's red-ink check on the summary sheet, indicating that the merchandise was appraised as entered, constitutes his appraisement. *Lunham & Moore* v. *United States*, 42 Treas. Dec. 377, Abstract 45342; *Loudon* v. *United States*, 9 Cust. Ct. 635, Reap. Dec. 5731. The appraiser can make but one appraisement. After that appraisement has been lodged with the collector, it cannot be altered or amended, except pursuant to a judgment of this court in a reappraisement proceeding under section 501, *supra*. *United States* v. *Bennett & Loewenthal*, 2 Ct. Cust. Appls. 249, T. D. 31975; *Ringk* v. *United States*, 12 Ct. Cust. Appls. 40, T. D. 39980; *United States* v. *Dorn*, 13 Ct. Cust. Appls. 130, T. D. 40961; *Stahel* v. *United States*, 55 Treas. Dec. 570, T. D. 43315; *Jaburg Bros.* v. *United States*, 73 Treas. Dec. 117, T. D. 49360; *Ainslee Knitting Machine Co.* v. *United States*, 69 Treas. Dec. 954, T. D. 48339.

We have considered the cases cited and discussed in the brief of counsel for the plaintiff on rehearing. The rulings therein do not establish any error in our original decision overruling the instant protest. That decision was based upon the well-established rule that the power of the court to order a reliquidation in a protest case for clerical error in the entered value is limited to cases where the final appraised value is the same or less than the entered value would be, if corrected. See cases therein cited and also *Pomerance* v. *United States*, 33 Cust. Ct. 439, Abstract 58530.

For the foregoing reasons, we adhere to our original decision overruling plaintiff's claims.

Judgment will be rendered accordingly.