BEFORE THE THIRD DIVISION, SEPTEMBER 13, 1956

**No. 60242.**—American Express Company *v.* United States, protest 205695–K (New York).

EKWALL, Judge: Plaintiff, in this case, claims relief from assessment of customs duties on the entered value upon an importation of merchandise from Holland. It appears from the evidence that, when the entry was amended by the importer to make market value, an item of "plus 4 per cent" was erroneously copied from the worksheet as "plus 40 per cent." It is claimed by plaintiff that this error was a clerical error, for which allowance should be made under section 520 (c) (1) of the Tariff Act of 1930, as amended. All of the official papers transmitted to the court by the collector of customs were offered and received in evidence.

From the record as thus made, it is apparent that the appraiser approved the unit value as entered, as indicated by his red-ink check mark on the summary sheet. From this finding of value, no appeal for reappraisement was filed. The appraisement, therefore, became final and conclusive. (Section 501, Tariff Act of 1930, as amended.) Even were we to conclude that the evidence affirmatively proved clerical error, as defined by the courts, the power of the court to order a reliquidation in a protest case, for error in the entered value, is limited to cases where the final appraised value is the same or less than the entered value would be, if corrected. *J. E. Bernard* v. *United States*, 52 Treas. Dec. 504, T. D. 42525; *S. M. Levor & Co.* v. *United States*, 54 Treas. Dec. 693, Abstract 7361; *C. J. Tower & Sons* v. *United States*, 55 Treas. Dec. 1110, Abstract 8470; *J. J. McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401. The final appraised value herein, which is the unit value, is higher than the entered value would be, if corrected to meet the plaintiff's figures.

Under the decisions cited, plaintiff's claim for reliquidation at less than the final appraised value is overruled.

Judgment will be rendered accordingly.

### DISSENTING OPINION

DONLON, Judge: I do not concur. This is a case of clerical error. The facts are, in general, similar to the facts considered by this court in *F. H. Leggett & Co.* v. *United States*, 64 Treas. Dec. 800, Abstract 24783. In that case, we sustained the plaintiff's claim for refund and directed judgment accordingly.

The official papers show that the instant merchandise was appraised, as entered. To be sure, the importer's added entry sheet, containing agreed items to bring the entry to market value, included the clerical error that is the basis for this suit, a plus of 40 percent, rather than 4 percent. However, as in the *Leggett* case, the entry computed in dollars was correct, that is, plus 4 percent. When the papers reached the collector's office, he returned them to the appraiser with a red-ink notation that the amount of plus was 4 percent, rather than 40 percent, to which the appraiser replied that the addition of 4 percent was correct.

Nevertheless, the collector then proceeded to liquidate the entry on his own valuation, contrary to the appraiser's appraisement and advices, and this liquidation value is in excess of the entered value.

Both under the law, as it was at the date of entry, and the clear-cut mandate of the Customs Simplification Act of 1953, now effective, this court has authority to order refund of the excess duty that is based upon this clerical error. Indeed, the Congress has, on several occasions, emphasized its impatience with the customs maze and its desire that customs procedures should be simplified. Nowhere is this congressional intention more explicitly indicated than in the powers granted to correct the inequities that derive from clerical errors. This is such a case. Judgment should be for plaintiff.