No. 60243.—Bluefries New York, Inc. *v.* United States, protest 209855–K (New York).

Ekwall, Judge: This case involves an importation of chromium oxide in drums from Amsterdam, Holland, which plaintiff claims was entered through error at incorrect values. Importation took place prior to the effective date of the Customs Simplification Act of 1953, T. D. 53318, during the period in which section 503 (a) of the Tariff Act of 1930 was in effect.

Plaintiff claims that the merchandise was entered in error in that the unit of quantity was stated to be pounds, whereas it should have been kilos. All of the official papers forwarded to the court by the collector of customs, including the collector's letter, were received in evidence. There was also introduced the testimony of an entry clerk of the plaintiff, from which it appears that he prepared the papers in connection with the entry and that, in so doing, he entered the unit quantity as pounds, whereas it should have been kilos, and that he intended to enter in kilos. From this evidence, it is apparent that a clerical error has been proven. However, as shown by the collector's letter of transmittal and also the official papers in evidence, the appraiser found a unit value of $63.75 per 100 pounds. No appeal for reappraisement was filed, and although a report in the official papers shows that the check on the summary sheet of the entered value as correct was an inadvertence on the part of the Government officials, such report has been held to constitute a second appraisement, which is beyond the power of the appraiser to make. *United States* v. *Gothic Watch Co.*, 23 Cust. Ct. 235, Reap. Dec. 7712, and cases therein cited.

Even though the evidence indicates clerical error, as defined by the courts, the power of the court to order a reliquidation in a protest case, for error in the entered value, is limited to cases where the final appraised value is the same or less than the entered value would be, if corrected. *Bernard* v. *United States*, 52 Treas. Dec. 504, T. D. 42525; *S. M. Levor & Co.* v. *United States*, 54 Treas. Dec. 693, Abstract 7361; *C. J. Tower & Sons* v. *United States*, 55 Treas. Dec. 1110,

Abstract 8470; *J. J. McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401. The final appraised value in the instant case is in pounds and is higher than the entered value would be, if corrected.

Plaintiff's claim is, therefore, overruled. Judgment will be rendered for the defendant.

### DISSENTING OPINION

DONLON, Judge: I do not concur. This is a case of clerical error. The facts are, in general, similar to the facts considered by this court in *Gilson Bros.* v. *United States*, 61 Treas. Dec. 1496, Abstract 19225. There, we sustained the plaintiff's claim for refund and directed judgment accordingly.

The official papers show that the merchandise was appraised, as entered. To be sure, the importer's added entry sheet, containing agreed items to bring the entry to market value, included a clerical error in the unit of quantity, stating pounds instead of kilos. However, as in the *Gilson* case, the extended entry was correct, that is, based on kilos. When the papers reached the collector's office, he returned them to the appraiser with a red-ink notation that the unit of quantity was in pounds and not in kilos, as invoiced, to which the appraiser replied that the correct appraised value was, as invoiced, in kilos.

Nevertheless, the collector proceeded to liquidate the entry on his own valuation, contrary to the appraiser's appraisement and advices, and this liquidation value is in excess of the entered value.

Both under the law, as it was at the date of entry, and the clear-cut mandate of the Customs Simplification Act of 1953, now effective, this court has authority to order refund of the excess duty that is based upon this clerical error. Indeed, the Congress has, on several occasions, emphasized its impatience with the customs maze and its desire that customs procedures should be simplified. Nowhere is this congressional intention more explicitly indicated than in the powers granted to correct the inequities that derive from clerical errors. This is such a case. Judgment should be for plaintiff.