**No. 60244.**—Walter H. Rothschild & Co., Inc. *v.* United States, protest 215428–K (New York).

EKWALL, Judge: Plaintiff in this case imported certain merchandise from Belgium, prior to the effective date of the Customs Simplification Act of 1953, T. D. 53318, during the period in which section 503 (a) of the Tariff Act of 1930 was in effect. That section provided that, with certain exceptions not herein applicable, "the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher." Plaintiff claims that entry was made upon an erroneous value, due to clerical error. The evidence, both documentary and oral, discloses that the entry clerk of the plaintiff, in attempting to amend the entry to meet the appraiser's return, which was Belgian francs 10,000 per metric ton, through error, used a unit value of Belgian francs 10,500. The proof further shows that the appraiser accepted this unit entered value, as indicated by the check mark on the summary sheet.

It is now settled law that, even where clerical error under the statute has been proven, the power of the court to order a reliquidation in a protest case is limited to cases where the final appraised value is the same or less than the entered value would be, if corrected. *J. E. Bernard* v. *United States*, 52 Treas. Dec. 504, T. D. 42525; *S. M. Levor & Co.* v. *United States*, 54 Treas. Dec. 693, Abstract 7361; *C. J. Tower & Sons* v. *United States*, 55 Treas. Dec. 1110, Abstract 8470; *J. J. McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401; and *Decorative Plant Co.* v. *United States*, 59 Treas. Dec. 1543, Abstract 15078. In-

asmuch as the final appraised value in the instant case is higher than the entered value would be, if corrected, plaintiff's claim is overruled.

Judgment will be rendered for the defendant.

DISSENTING OPINION

DONLON, Judge: I do not concur. This is a case of clerical error. The facts are, in general, similar to the facts considered by this court in *Geo. S. Bush & Co., Inc.* v. *United States*, 61 Treas. Dec. 1493, Abstract 19212. There, we sustained the plaintiff's claim for refund and directed judgment accordingly.

The official papers show that the merchandise was appraised, as entered. To be sure, the importer's added entry sheet, containing agreed items to meet the advices of the appraiser, included a clerical error, showing 10,500 Belgian francs per metric ton, instead of 10,000 Belgian francs, as advised by the appraiser. However, as in the *Bush* case, the extended entry was correct, that is, based on 10,000 Belgian francs per metric ton.

The collector proceeded to liquidate the entry on his own valuation, contrary to the appraiser's appraisement, as extended, and this liquidation value is in excess of the entered value.

Both under the law, as it was at the date of entry, and the clear-cut mandate of the Customs Simplification Act of 1953, now effective, this court has authority to order refund of the excess duty that is based upon this clerical error. Indeed the Congress has on several occasions emphasized its impatience with the customs maze and its desire that customs procedures should be simplified. Nowhere is this congressional intention more explicitly indicated than in the powers granted to correct the inequities that derive from clerical errors. This is such a case. Judgment should be for plaintiff.