**No. 61794.**—S. Jackson & Son, Inc. *v.* United States, protest 260660–K/14444 (New Orleans).

RICHARDSON, Judge: This case involves merchandise consisting of safety pins imported from England. The pins were of various sizes and varied in value according to size. The plaintiff claims that, due to a clerical error in the entered and appraised values of the No. 1 size pins, illegal and excessive duties were assessed thereon.

At the hearing, there were offered and received in evidence as plaintiff's collective exhibit 1, the official papers transmitted to the court by the collector of customs, and as exhibit 2, a photostatic copy of a submission sheet, on which the appraiser, at the request of the plaintiff, had indicated the values for merchandise of the type involved here. Counsel for defendant moved to overrule the protest "upon failure of the proof to make a prima facie case," and this motion was taken under advisement. On this record, the case was submitted for decision.

On the submission sheet (plaintiff's exhibit 2), which plaintiff submitted for value information before entering the merchandise, the appraiser indicated a value of $0.0875 per gross for the No. 1 size pin, $0.1225 per gross for the No. 2 size pin, and $0.185 per gross for the No. 3 size pin, all less 3 percent, packed. In entering the merchandise, the importer used these unit values for all but the No. 1 size pin. Through alleged clerical error, a unit value of $0.185 per gross for this size pin was typed on the worksheet, instead of $0.0875. The extended total entered value, however, reflected a unit value of $0.0875, which plaintiff contends is an indication that it was the intention to enter the merchandise at that value. The appraiser approved the unit value as entered, as evidenced by his red-ink check mark on the summary sheet under the column heading "APPRAISED."

Plaintiff, through the collector, petitioned the Commissioner of Customs for administrative relief, requesting that the collector be authorized to liquidate the entry at the correct unit value of $0.0875 per gross for the No. 1 size pin. The letter denying the request stated in part:

Undoubtedly there is a clerical error in the entered value which is correctable under section 520 (c) (1), Tariff Act of 1930, as amended. However, no change may be made in an appraisement except through a timely appeal successfully prosecuted before the United States Customs Court. Under the circumstances, a reduction in the entered value will afford the importer no relief since duties would have to be assessed on the higher appraised value pursuant to section 503 (a) of the tariff act.

A report by the appraiser, submitted at the request of the collector, admitted that an error had been made and that the correct value for appraisement purposes was that indicated by the examiner on the submission sheet. He also stated that the same value was shown on the consular invoice filed with the entry. No appeal for reappraisement was taken, and the collector proceeded to liquidate the entry on the basis of the entered and appraised value of $0.185 per gross, less 3 percent, packed, for the No. 1 size pin.

The plaintiff, placing reliance on the provisions of 19 U. S. C. section 1520 (c) (1) (section 520 (c) (1), Tariff Act of 1930), as amended by the Customs Simplification Act of 1953, has protested the use of this dutiable value and is seeking a refund of the increased duties resulting therefrom. This section permits, under conditions specified therein, the correction of certain types of errors in an entry, appraisement, liquidation, or other customs transaction. Unfortunately for the success of plaintiff's suit under this section of the statute, the appraisement in the case at bar had

become final and conclusive under 19 U. S. C. section 1501 (section 501, Tariff Act of 1930), before the effective date of the Customs Simplification Act, and its remedial provisions cannot be retroactively applied so as to afford relief to the plaintiff.

In our opinion, the plaintiff has made a *prima facie* case, and defendant's motion to overrule the protest because of failure of the proof to do so is hereby denied. A *prima facie* case has been made when the evidence in favor of a proposition is sufficient to support a finding in its favor, if all of the evidence to the contrary be disregarded. The documentary proof establishes that an error was committed, as did the documentary evidence in the case of *Walter H. Rothschild & Co., Inc.* v. *United States*, 37 Cust. Ct. 367, Abstract 60244. Official writings are *prima facie* evidence of the facts stated therein and will control in the absence of evidence to the contrary. The record is devoid of such evidence. Furthermore, we have no doubt that the error was a clerical one. A clerical error is a mistake occasioned by negligence or inadvertence, which causes the improper execution of a proper intention. See *S. Yamada* v. *United States*, 26 C. C. P. A. (Customs) 89, T. D. 49628. And, though no oral testimony was adduced at the hearing to show the intention of the person who made the erroneous entry, and it has been said that the "essence of clerical error is intention," *S. H. Pomerance Co., Inc.* v. *United States*, 33 Cust. Ct. 439, Abstract 58530, it is our opinion that the very nature of the error, when viewed in the light of the facts and circumstances of this case, shows that this was a mistake of carelessness or inadvertence, and that it was the intention of the person who prepared the worksheet to use the unit value reflected in the correct, extended, total value, as contended by plaintiff, and not the intention to enter thereon the incorrect unit value of $0.185 for the No. 1 size pin and to place opposite the entry an extended total value which did not conform to the unit value used, but instead reflected the admittedly proper unit value of $0.0875. Therefore, we can but conclude that the error made in entering the No. 1 size pin was, in the absence of evidence to the contrary, clerical in nature.

Though we concede that the plaintiff's case is a meritorious one, we find it impossible to grant the relief sought within the framework of the well-established principles of law as it existed at the time of the importation.

The appraiser has the duty to appraise the merchandise in the unit of quantity in which the merchandise is usually bought and sold. 19 U. S. C. section 1500 (section 500, Tariff Act of 1930). Therefore, the appraised value of merchandise is the unit value and not the total value of the importation. *Igstaedter & Co.* v. *United States*, 11 Ct. Cust. Appls. 477, T. D. 39570. In this case, the appraiser approved the entered value, which was the unit value declared upon entry. It is true that this was not the value placed on the submission sheet by the examiner, but it is no part of the official duty of the examiner or appraiser to give information to the shipper relative to the value of his goods, nor can the customs officials be bound, in determining value, by any information so given. *Mitsubishi Shoji Kaisha (Ltd.)* v. *United States*, 19 C. C. P. A. (Customs) 91, T. D. 45227. When the appraiser approved the entered value, that value became the appraised value. It is well settled that the appraiser can make but one appraisement, and, after his report has been lodged with the collector, it is final so far as he is concerned. The appraiser cannot by answer to a protest or by a later return change or modify the amount or character of the original appraisement. *United States* v. *Dorn & Co.*, 13 Ct. Cust. Appls. 130, T. D. 40961; *Ringk & Co.* v. *United States*, 12 Ct. Cust. Appls. 40, T. D. 39980; *Stahel* v. *United States*, 55 Treas. Dec. 570, T. D. 43315. Nor can the collector alter the appraisement, even though, as in the instant case, the appraiser admits that it is erroneous. *Sheffield Merchandise, Inc.* v. *United States*, 36 Cust. Ct. 418, Abstract 59884. If the appraiser erred, as he did in this case, the importer's remedy was by appeal for reappraisement, but

since none was taken, the appraisal, though erroneous, became final and conclusive upon all parties. *Eurasia Import Co., Inc.* v. *United States*, 31 C. C. P. A. (Customs) 144, C. A. D. 265; *Sheffield Merchandise, Inc., supra,* and cases cited therein.

19 U. S. C., section 1503 (section 503, Tariff Act of 1930), which was in effect at the time of the importation, provides, with certain exceptions which are inapplicable here, that the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher. In the case at bar, a correction of the error in the entered value would afford plaintiff no relief, since the collector, in order to comply with the clear-cut mandate of the statute, would be required to liquidate the entry and assess duties on the basis of the higher appraised value.

This court has consistently and repeatedly held that, even where clerical error has been proven, the power of the court to order a reliquidation in a protest case extends only to those cases where the final appraised value is the same or less than the entered value would be, if corrected. Some of the cases so holding are *American Express Company* v. *United States*, 37 Cust. Ct. 365, Abstract 60242; *Bluefries New York, Inc.* v. *United States*, 37 Cust. Ct. 366, Abstract 60243; *Walter H. Rothschild & Co., Inc., supra;* and *J. E. Bernard & Co.* v. *United States*, 52 Treas. Dec. 504, T. D. 42525.

In the case of *Sheffield Merchandise, Inc., supra,* in which the circumstances were similar in all material respects to those in the case now before us for decision, this court denied plaintiff relief and overruled the protest. For the reasons stated herein, we have no alternative but to follow the same course.

Plaintiff's claim is, therefore, overruled. Judgment will be rendered for the defendant.

### DISSENTING OPINION

DONLON, Judge: The issue here is the same in all significant respects as was the issue before us in *American Express Company* v. *United States*, 37 Cust. Ct. 365, Abstract 60242, and other cases, in which I expressed my dissent from the decision of my colleagues.

For the same reasons that were stated in my dissenting opinion in the *American Express Company* case, *supra,* I do not concur here. Judgment should be for plaintiff.