## UNITED STATES v. MOREWOOD & CO.

### (Circuit Court, S. D. New York. May 19, 1899.)

### No. 2,667.

CUSTOMS DUTIES—APPRAISEMENT—RECALL FOR CORRECTION OF ERRORS.

> Under article 1126 of the treasury regulations of 1892, after an appraisement has been completed, and a return thereof made to the importer, and accepted by him, the appraisement cannot be recalled, even for the correction of a clerical error, where the effect of such correction is to change the appraisal; and, if such action is taken, the importer has the right to protest against the second valuation on the ground that it amounts to a new appraisement, and is without jurisdiction, and is not bound to give notice of dissatisfaction, as provided in section 13 of the customs administrative act of 1890.

Appeal by the United States from a decision of the board of general appraisers, which reversed the action of the collector in the assessment of duty upon the merchandise in question.

H. P. Disbecker, Asst. U. S. Atty.

Arthur Sherer, for appellees.

TOWNSEND, District Judge. In this case four invoices of sugar were entered at the custom house and appraised, November 13, 1896. It appears that one of the clerks in the appraiser's office found that he had made a mistake in the final appraisal, and corrected two of the invoices before they left the appraiser's office. The four invoices were then returned to the collector, and the importer was notified of the appraisal, and wrote on the return: "All right. Accept." After this had been done, said appraiser remembered that he had forgotten to correct his former mistake as to two of the invoices, and he then recalled them from the collector, and changed the figures. The government contends that the effect of this action was merely to correct a clerical error, and not to make a new appraisal, and that, therefore, under article 1126 of the treasury regulations of 1892, and section 13 of the customs administrative act of 1890, the decision of the appraiser was final and conclusive as to the dutiable value of such merchandise against all parties interested therein, unless the importer, within two days thereafter, called for a new appraisal. Counsel for the importer contends that an unlawful duty was exacted upon said valuation, and that the recall of the invoices for the making of a new valuation thereon after the appraisement had been completed, and return thereof made to the importer, and accepted by him, was illegal and void, and in conflict with treasury regulations, which provide that such recall cannot be made for the purpose of changing the appraisal. The board of general appraisers has found that the change of value was a new appraisement, without lawful warrant, and void.

It is not clear from the evidence in this case exactly what kind of an error was made in the appraiser's office, but I concur in the decision of the board, because, assuming that the error was a clerical one,—which is not satisfactorily shown,—it seems to me that

under the provisions of article 1126 of the treasury regulations even the correction of a clerical error is not permitted where it amounts to a change in the appraisal. The importer thereupon had the right to protest against the second valuation by the appraiser on the ground that he (the appraiser) had no jurisdiction to recall the invoices, and make a reappraisal. I am not sufficiently familiar with the practice in these matters to feel certain as to the proper course to be pursued, but it seems to me that under section 13 of the customs administrative act of 1890 it is doubtful whether the importer could have taken advantage of this unauthorized act of the appraiser by notice, within two days after appraisement, of dissatisfaction, because this does not appear to be a question of dissatisfaction with an appraisal, but of jurisdiction to make a new appraisal.

The decision of the board of general appraisers is affirmed.