UNITED STATES v. THOMAS LEEMING & CO.

THOMAS LEEMING & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. February 21, 1907.)

Nos. 4,226, 4,228.

1. CUSTOMS DUTIES—BOARD OF GENERAL APPRAISERS—CORRECTION OF DECISION.

Two months after a reappraisement decision had been made by a Board of General Appraisers, the board amended it in order to correct an error. *Held*, that the correction was illegal.

2. SAME—REAPPRAISEMENT—PRESUMPTION AS TO INCLUSION OF COVERINGS.

A reappraisement return by a Board of General Appraisers as to the value of imported chocolate failed to state whether the value of the coverings was included in the value stated in the return. *Held* that, under Customs Administrative Act June 10, 1890, c. 407, § 19, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1924], providing that the dutiable value of importations should include the cost of all "coverings of any kind," it should be presumed that such value was included, notwithstanding that Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 281, 30 Stat. 172 [U. S. Comp. St. 1901, p. 1652], provides that the dutiable value of chocolate shall not include the value of plain wooden coverings.

3. SAME—UNDERVALUATION—ADDITIONAL DUTY—GOODS IN EXCESS.

An importation subject to the additional duty for undervaluation provided by Customs Administrative Act June 10, 1890, c. 407, § 7, 26 Stat.

134 [U. S. Comp. St. 1901, p. 1892], as amended by section 32 of the tariff act of 1897 (Act July 24, 1897, c. 11, 30 Stat. 211), was found to consist of a greater quantity than was specified in the invoice. *Held*, that the additional duty should not be limited to the quantity so specified, but should be imposed also on the excess.

On Application for Review of a Decision of the Board of United States General Appraisers.

These are cross-appeals from a decision reported as G. A. 6,315 (T. D. 27,216), in which the Board of General Appraisers affirmed in part and reversed in part the assessment of duty by the collector of customs at the port of New York.

Everit Brown, for importers.

J. Osgood Nichols, Asst. U. S. Atty.

HOUGH, District Judge. Certain chocolate having been appraised by a single General Appraiser on appeal from the collector, his appraisement sheet contained as a part of his report of proceedings the following words:

"These values as reappraised represent the foreign market value of the goods * * * excluding the value or weight of all the plain wooden coverings."

Thereupon an appeal was taken to the Board of General Appraisers, and three members of that board, having examined into the matter, made return dated April 12, 1905, stating:

"We have examined the * * * merchandise * * * and do hereby certify that in our opinion the market value or wholesale price of the said goods * * * was and we do thereby appraise the same as follows:" [Then stating the description of the merchandise and the price thereof.]

The board of General Appraisers did not add to or incorporate in their return the words used by the single general appraiser as above noted.

In June, 1905, a deputy collector addressed a communication to the Board of Appraisers, stating that a difference of opinion had arisen in the collector's office as to whether the decision of the board did or did not cover the "plain wooden coverings" specifically excepted in the report of the single appraiser. The board thereupon, and on June 6, 1905, added to their reappraisement sheet a statement that "the value and weight of outer wooden coverings" were not included in the values stated in the return of April 12th.

It is admitted that in making the addendum of June to the appraisement sheet of April 12th the Board of Appraisers exceeded their authority, and that such interpretation of their decision is not to be considered in the assessment of duties thereunder (U. S. v. Morewood [C. C.] 94 Fed. 639) ; but it is contended by the government that owing to the nature of the goods imported—i. e., chocolates—which are dutiable under paragraph 281 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 172 [U. S. Comp. St. 1901, p. 1652]), the same result is arrived at as would be reached were the addendum of June given full force and effect, because the paragraph relating to chocolate provides that "the weight and value of all cov-

erings other than plain wooden shall be included in the dutiable weight and value." To this contention I cannot agree. It is not the business of the appraisers to assess the duty, but merely to ascertain values.

The return of the Board of Appraisers, dated April 12th, purports to be made in strict compliance with section 19 of the act of June 10, 1890 (26 Stat. 139, c. 407 [U. S. Comp. St. 1901, p. 1924]), as amended, and to state "the actual market value or wholesale price" (of the goods in question) which must by statute include "the value of all cartons * * * and coverings of any kind." The importers had therefore an absolute right to rely upon the statutory correctness of the return or reappraisement sheet of April 12th, and to base their business transactions upon the faith thereof. They were entitled to believe that the values fixed by the Board of Appraisers did include the value of "coverings of any kind." They might rely upon the deductions appropriate under paragraph 281 being made by the collector. This record makes it quite clear that the omission from the return of the Board of Appraisers of the statement (above quoted) embodied in the proceedings of the single appraiser was a mistake; but that fact should not lead to the allowance of a custom calculated to impair security in business dealings with the government and to lessen reliance upon the finality of a duly signed appraisement.

The appeal of the importers is sustained.

The appeal of the United States herein arises from the fact that in one of the importations covered by this proceeding it appeared that the value of the goods as declared in the entry was less than the appraised value thereof, and likewise that the quantity of the goods so increased in value by appraisement was greater than that specified in the invoice. It follows that the importer is subject to the additional or increased duties provided for by section 7 of act of June 10, 1890 (26 Stat. 134, c. 407), as amended by section 32 of the tariff act of 1897 (Act July 24, 1897, c. 11, 30 Stat. 211 [U. S. Comp. St. 1901, p. 1892]). The collector assessed such additional duties upon the excess in quantity over and above that stated in the invoice, a proceeding contrary to the ruling of the Board of General Appraisers in Re Herazy, G. A. 5,804 (T. D. 25,645), and his proceedings have accordingly been overruled by the Board of General Appraisers, from which an appeal has been taken. I am unable to assent to the correctness of the decision quoted. It rests upon the proposition that under section 7, supra, additional duties can be collected only upon the appraised value in excess of "the value declared in the entry," and that, inasmuch as any excess of quantity discovered in the goods referred to in the entry was never entered, therefore, under the language of the statute, but a single duty is chargeable against the excess of weight.

It is obvious that such a construction of the statute opens the door to profitable fraud. A merchant who both undervalues his goods and understates the quantity thereof may easily so grossly understate the quantity that he is but little injured by paying additional duties only upon the quantum of his entry, and he can run this risk in the hope that both undervaluation and understatement of quantity will escape

detection, to his great and obvious profit. Nor does such construction of the statute appear to me necessary or proper. The act provides that "the additional duties" shall apply to the "articles in each invoice," and for each entry an invoice is necessary. The intent of each and every custom house entry is to pass into the country goods of a certain quantity and a certain value, and both the quantity and value should be and usually are discoverable from the documents collectively known as the "entry." The act of entering goods of a stated quantity constitutes a promise on the part of an importer to pay lawful duty upon all those goods, be the quantity more or less, and it appears to me entirely plain that, if undervaluation exists, additional duties necessarily attach to all the goods on which a single duty would have been payable had no such undervaluation been discovered.

The appeal of the United States is sustained.