RINGK & Co. v. UNITED STATES (No. 2318).[1]

1. APPRAISEMENT NOT AMENDABLE.
    It is well settled by the authorities that the return of the appraiser as to value can not be modified or amended by him after it has been filed with the collector, except in case of a manifest clerical error.

2. MANIFEST CLERICAL ERROR.
    Where the invoice stated the value in Peiyang dollars and the entry stated it in the same number of yen, the appraisement approving the entry value can not be amended for manifest clerical error, since, though it appears on the face that both invoice and entry statements can not be correct, it does not appear what is correct.

3. FINALITY OF APPRAISEMENT.
    The invoice stated the value in Peiyang dollars, and the entry stated it in the same number of yen, the Peiyang dollar being worth much more than the yen.  The appraiser approved the entered value.  No appeal was taken to reappraisement, but nearly a year later the collector called the appraiser's office's attention to the discrepancy, received an amended return changing the former one from yen to Peiyang dollars, and liquidated accordingly.  The amended return and the liquidation based on it were void, and the protest should have been sustained.

United States Court of Customs Appeals, January 19, 1924.

APPEAL from Board of United States General Appraisers, G. A. 8677 (T. D. 39756).
[Reversed.]

*Barnes, Chilvers & Halstead* (*Frank M. Halstead* of counsel) for appellants. *William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence,* and *Edward J. Neary,* special attorneys, of counsel), for the United States.

[Oral argument December 14, 1923, by Mr. Halstead and Mr. Lawrence.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges; HATFIELD, Associate Judge, participating in the decision by agreement of counsel.

MARTIN, Presiding Judge, delivered the opinion of the court:
    This appeal relates to a question of appraisement only.   The merchandise was wool carpets which were imported from China under the

---

[1] T. D. 39980.

tariff act of 1913, and were entered for duty at the port of New York. The collector assessed them at a correct ad valorem rate of duty, but the importer protested against the valuation upon which the assessment was made. The protest was heard by the Board of General Appraisers and was overruled. The importer appealed from that decision.

The facts in the case appear without dispute in the record. The goods were entered in December, 1920, upon a consular invoice which stated their gross value to be 14,760.10 Peiyang dollars. It was apparent upon inspection that this sum included 1,405.92 Peiyang dollars of nondutiable charges, leaving a net dutiable valuation according to the invoice of 13,354.18 Peiyang dollars. The importer, however, regularly entered the goods at the value of 14,760.10 yen, with a deduction of 1,405.92 yen for nondutiable charges, leaving a net valuation according to the entry of 13,354.18 yen. The entry stated the value of the yen to be $0.4985, and reduced the value of the merchandise accordingly to $6,657, United States currency. The appraiser thereupon approved the valuation given in the entry, to wit, 13,354.18 yen, and officially reported that fact to the collector. No appeal was taken to reappraisement.

It may be repeated that the valuations stated respectively in the invoice and entry were identical in point of figures but differed in respect to currency, the invoice currency being Peiyang dollars, the entry currency being yen; and that the appraiser approved the valuation as entered in yen, and that no appeal was taken to reappraisement. At that time the yen was valued at $0.4985, the Peiyang dollar at $0.7883. Accordingly the entered and appraised dutiable valuation of the merchandise was 13,354.18 yen or $6,657.

Afterwards, in December, 1921, almost a year subsequent to the time of the foregoing transactions, the collector transmitted to the appraiser's office the report above referred to, indorsed as follows: "Appr., please note invoice is made out in P. Y. $ & not yen. Report further." Whereupon the acting appraiser, not, however, the one who had made the appraisement, returned the report to the collector indorsed as follows: "Collector, this office amends return to read currency as P. Y. $." The indorsements were signed by the respective officers. Conformably with these notations the second appraiser noted the symbol P. Y. $ in red ink upon the official report of the appraisement and erased the word "yen" which had appeared thereon. The collector thereupon liquidated the entry upon a valuation of 13,354.18 Peiyang dollars, which represented a value approximately 50 per cent in excess of that number of yen. The protest now upon appeal challenges that action of the collector.

We are of the opinion upon the foregoing facts that the collector's action was erroneous, and that the importer's protest should have

been sustained by the board. It is clear that the importer regularly and in plain terms entered the merchandise at a net valuation of 13,354.18 yen, converting the same upon the entry into $6,657. He certainly had a right to make his own statement in the entry as to the value of the merchandise. It is true that the invoice and entered values thereby became inconsistent and could not both be correct, but it was not manifest upon the face of the instruments which one was erroneous and which was correct. That would be a matter of extraneous proof, and non constat but that the entry was correct and the invoice mistaken. When the goods were entered it became the duty of the appraiser to appraise them at their true value, and he was not bound by the statements of either the invoice or entry. He performed that duty by approving the entered value, and if the collector was dissatisfied therewith he was entitled to appeal to reappraisement. When the time allowed for such an appeal had passed the appraisement became final, and the collector was bound to liquidate accordingly. The subsequent attempt to amend the return of the first appraiser was unauthorized, for if permitted it would have had the effect of altering the regular official appraisement by advancing the appraised value in a substantial sum. It would have amounted to a virtual reappraisement of the merchandise effectuated in such a manner as to prevent the importer from appealing therefrom. Moreover it is well settled by the authorities that the return of the appraiser as to value can not be modified or amended by him after it has been filed with the collector, except in case of a manifest clerical error. And as already stated the difference between the invoice and entered values in this case can not be regarded as involving a manifest clerical error.—United States v. Frank (2 Ct. Cust. Appls. 239; T. D. 31973); United States v. Bennett (id. 249; T. D. 31975); United States v. Moorewood, (94 Fed. 639); article 584, Customs Regulations, 1915.

The decision of the board overruling the protest is therefore reversed, and the case is remanded accordingly. *Reversed.*