(Reap. Dec. 8775)

S. Handal & Sons, Inc., et al. *v.* United States

Entry Nos. 66287, etc.

(Order dated March 27, 1957)

*Sharretts, Paley & Carter* for the plaintiffs.
*Gerrge Cochran Doub*, Assistant Attorney General, for the defendant.

### ORDER

Rao, Judge: This is a motion for an order setting aside judgments of dismissal of the appeals for reappraisements listed in schedule "A," hereto attached and made a part hereof, and for the granting of rehearings in said appeals. Said judgments were predicated upon the action of counsel in abandoning these appeals.

It is here urged that counsel made a "serious error of judgment" in so acting, in that he now believes the cases have sufficient merit and importance to be considered by the court. Counsel avers that the issues in said cases, to wit, whether certain inland charges were part of the value of merchandise exported from Japan, are substantially the same as those involved in several test cases tried by other counsel and, particularly, in *Albert Mottola, etc.* v. *United States*, 38 Cust. Ct. 583, Reap. Dec. 8738, decided favorably to plaintiff's contention.

In the interests of justice and for the protection of his clients' rights, counsel now seeks an opportunity for trial on the merits.

In opposition to said motion, counsel for the Government argues that the moving papers do not show that the merchandise involved in said abandoned cases was purchased under the same conditions as that in said test cases; that, at the time of abandonment, and although the trial of reappraisement No. 264824–A was then pending, nevertheless, no request for suspension was advanced; that counsel for plaintiffs presents no justification for relief from his voluntary action in abandoning these appeals; and that decisions of this and our ap-

pellate court have settled the issues of inland freight adversely to plaintiffs' contentions in these cases. Moreover it is asserted that to grant the motion may pave the way to the restoration to the calendar of an estimated 21,000 appeals for reappraisements, previously abandoned.

I am of opinion that counsel for plaintiffs ought not to be bound by an act which has resulted from an honest error of judgment and that the interests of justice will best be served by allowing plaintiffs their day in court.

The Government has not alleged or shown that it will in any way be prejudiced if this motion is granted. In view of the importance of the basic issues raised by these cases and the number of pending suits involving the same, counsel ought to have every opportunity to present their contentions to the court.

Although the question of the dutiability of inland freight and other charges has been passed upon adversely to plaintiffs' position in several decided cases, the fact is that the recent decision of *Mottola, etc.* v. *United States, supra,* presents another view. Moreover, the singular practice which obtains in this court permits of a trial *ab initio* for each entry of imported merchandise, and the principle of *res adjudicata* has never applied in customs jurisprudence. So long as any plaintiff, in good faith, desires to proceed with the trial of his action, he ought not to be precluded from so doing.

It may be that the alleged identity of issues would sustain a motion on the part of the Government for a consolidation of some or all of these cases, and, in that way, a multiplicity of suits might be avoided and a final determinative conclusion reached. Until then, to deny any of these plaintiffs the opportunity for a trial of his action would defeat the ends of justice.

For the foregoing reasons, this motion is granted. The judgments of dismissal will be vacated and the cases restored to the May 1957 calendar for trial.