(C.D. 2287)

BERKERY, INC.
DANIEL F. YOUNG, INC. } *v.* UNITED STATES

United States Customs Court, Third Division

(Decided September 28, 1961)

*Barnes, Richardson & Colburn* (*Paul J. Gavin* and *Joseph Schwartz* of counsel) for the plaintiffs.

*William H. Orrick, Jr.*, Assistant Attorney General (*Murray Sklaroff*, trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges; JOHNSON, J., concurring, and RICHARDSON, J., concurring

DONLON, Judge: While not precisely stated, it sufficiently appears from the official papers that plaintiffs protest the decision of the collector not to correct, on the original liquidation of certain raffia fiber imported at New York, a clerical error in the appraisement of the merchandise.

The facts as to clerical error are not in dispute, as the following exchange by counsel in open court shows:

JUDGE DONLON: Gentlemen, what issue does the protest raise?

MR. GAVIN: The protest claims that the liquidation on a value higher than the actual value of the merchandise constitutes a clerical error, mistake of fact, or other inadvertence within the meaning of section 520(c)(1), Tariff Act of 1930, as amended.

MR. SKLAROFF: Apparently, there is no question but that the appraiser inadvertently valued the merchandise at 3 pounds 2 shillings instead of 3 shillings 2 pence. [R. 3.]

The official papers, which are in evidence, support this stipulation. The raffia fiber was entered by plaintiffs at "3.2d," which is the way in which the sterling system expresses 3 shillings, 2 pence. At first, the appraising official noted value as "3.2," which also is a rendering of 3 shillings, 2 pence. However, somewhere along the customs line, before liquidation, the red-ink notations show a value of "3.2.0," which is the sterling expression of 3 pounds, 2 shillings.

That this was inadvertence, as conceded, or clerical error, seems clear. Section 520 expressly includes appraisement errors as among those errors supporting a request to the Secretary to reliquidate; and his refusal to reliquidate may be protested.

Defendant objects on the ground that plaintiffs, having timely filed an appeal to reappraisement and then having voluntarily abandoned that appeal, may not raise here any issue which they could have raised as to appraisement on that appeal.

If plaintiffs had brought themselves within the purview of section 520, it would be necessary for us to decide whether prior abandonment of their appeal to reappraisement was as defendant contends, such a retraction of their claim as to bar their protest, under section 520, for correction of clerical error. But, as hereafter stated, plaintiffs have not brought themselves within the purview of section 520. Since their protest must be dismissed for that reason, we do not now decide

whether abandonment of an appeal to reappraisement precludes a plaintiff from invoking after liquidation, the protest right afforded by section 520 for correction of clerical error in appraisement.

Plaintiffs have failed to bring themselves within the procedural remedy provided by section 520. The remedy there provided is a timely request for reliquidation to correct the appraisement error reflected in the original liquidation. From the decision of the Secretary denying reliquidation, an importer may file a section 514 protest.

It may seem to plaintiffs unfair that the statute does not give them the same right of access to the court on denial, prior to liquidation, of an importer's request for correction of a clerical error in appraisement, as is afforded for denial of a request made subsequent to liquidation. If so, the remedy is with the Congress. We do not make the law and have no authority to enlarge the rights of litigants beyond the rights which the Congress has provided.

The protest raises no issue as to a request for reliquidation under section 520. It is dismissed.

(Note: RICHARDSON, Judge, concurred in the following opinion):

### CONCURRING OPINION

JOHNSON, Judge: After independent research into the issues presented and the applicable authorities, the result of which is set forth below, I am in accord that the protest in this case must be dismissed.

The protest is directed against the collector's assessment of duty on raffia fiber at 10 per centum ad valorem on the ground that "the liquidation on a value higher than the actual value of the merchandise constitutes a clerical error, mistake of fact, or other inadvertence within the meaning of Sec. 520(c)(1) of the Tariff Act of 1930 as amended."

The facts appearing in the record are as follows: The merchandise was entered at a value of 42 cents per pound, less nondutiable charges. The consular invoice showed a home consumption value of "3/2d" or 44 cents per pound. The examiner's advisory appraisement appearing on the consular invoice in red ink stated:

<blockquote>Appraised at Sterling 3/2/0 per pound, net, packed.

E. J. H. 9/14/55</blockquote>

The summary sheet, signed by the appraiser on September 15, 1955, indicates approval of the examiner's action.

Notice of appraisement was sent to the importer; and appeal for reappraisement was filed, but the appeal was abandoned and dismissed on June 27, 1957.

The appraiser subsequently acknowledged that he intended to appraise the merchandise at a value of £0.3.2 per pound, but inadvertently adopted the examiner's advisory appraisement of £3.2.0. Never-

theless, the collector liquidated on the value of £3.2.0 per pound on instructions from the Bureau of Customs that, since a timely appeal for reappraisement had been filed, abandoned, and dismissed, the matter was closed.

Plaintiffs claim that administrative relief should have been granted to correct the error in appraisement, even though an appeal for reappraisement had been abandoned and dismissed. Defendant contends that the rule of *res judicata* applies and that plaintiffs' claim is barred.

Under the doctrine of *res adjudicata* or *res judicata*, a judgment upon the merits in one suit is held conclusive in another where the parties and subject matter are the same, in respect to matters actually presented to sustain or defeat the right asserted, and also as to any other available matter which might have been presented. *Grubb* v. *Public Utilities Commission of Ohio et al.*, 281 U.S. 470, 479; *Cromwell* v. *County of Sac*, 94 U.S. 351; *Chicot County Drainage District* v. *Baxter State Bank*, 308 U.S. 371; *Joseph Fischer as Liquidating Agent of Schmoll Fils Associated, Inc.* v. *United States*, 38 C.C.P.A. (Customs) 143, 148, C.A.D. 452. However, a trial upon which nothing is determined cannot support a plea of *res judicata*. *Manhattan Life Insurance Co.* v. *Broughton*, 109 U.S. 121. A judgment of nonsuit, whether rendered because of the failure of the plaintiff to appear and prosecute the action or rendered on consent of the parties, is not conclusive as an estoppel because it does not determine the rights of the parties. *United States* v. *Parker*, 120 U.S. 89; *Baer Brothers Mercantile Company* v. *Denver & Rio Grande Railroad Company*, 233 U.S. 479. An entry of a dismissal of a suit by consent is not an abandonment of a claim. *Haldeman* v. *United States*, 91 U.S. 584. On the other hand, a retraxit, which is a voluntary renunciation of a claim in open court, differs from a nonsuit and bars further action by the same parties on the same subject matter. *United States* v. *Parker, supra*; *Virginia Concrete Company* v. *Board of Supervisors*, 197 Va. 821; 91 S.E. 2d 415; 17 Am. Juris. 162, section 91. A judgment of dismissal with prejudice or pursuant to a settlement is a judgment on the merits barring another action for the same cause. *Bergeson* v. *Life Insurance Corporation of America*, 265 F. 2d 227; *Virginia Concrete Company* v. *Board of Supervisors, supra*.

In the instant case, the abandonment of the appeal for reappraisement was not a retraxit or voluntary renunciation of a claim in open court by the plaintiffs. The judgment of dismissal did not involve the merits and is not a bar to any subsequent action which might properly be brought.

The protest herein claims that the liquidation at the higher value constituted a clerical error, mistake of fact, or inadvertence, within the meaning of section 520(c)(1) of the Tariff Act of 1930, as

amended, *infra*, and plaintiffs request that the collector be directed to reliquidate the entry on the basis of the entered value.

It is evident that there was no clerical error, mistake of fact, or inadvertence in the liquidation *per se*. It was based, as the collector intended, upon the value originally reported by the appraiser. The inadvertence is to be found in the appraiser's adoption of the examiner's advisory appraisement at £3.2.0. The question then is whether the collector could have corrected the appraisement and liquidated on the basis thereof.

It is well settled that the return of the appraiser is final and may not be modified after it has been physically transmitted to and lodged with the collector. *Igstaedter & Co.* v. *United States*, 11 Ct. Cust. Appls. 477, T.D. 39570; *Ringk & Co.* v. *United States*, 12 Ct. Cust. Appls. 40, T.D. 39980; *United States* v. *Dorn & Co.*, 13 Ct. Cust. Appls. 130, T.D. 40961; *United States* v. *Gothic Watch Co.*, 23 Cust. Ct. 235, Reap. Dec. 7712. Some decisions have noted an exception in the case of manifest clerical error, apparently in view of the regulations in effect at the time. *United States* v. *Bennett & Loewenthal*, 2 Ct. Cust. Appls. 249, T.D. 31975; *Igstaedter & Co.* v. *United States*, *supra*; *Ringk & Co.* v. *United States*, *supra*. However, in *United States* v. *Morewood*, 94 Fed. 639, it was stated that even the correction of a clerical error is not permitted where it amounts to a change in the appraisal. See also *United States* v. *Thomas Leeming & Co.*, 153 Fed. 489. In any event, the error in the instant appraisement was not a clerical error, as that term has been defined by the courts, that is, it was not an error made by a copyist or by one upon whom no duty devolved to exercise original thought or judgment. *S. Yamada* v. *United States*, 26 C.C.P.A. (Customs) 89, T.D. 49628. It was the duty of the appraiser to appraise the merchandise by ascertaining its value by all reasonable ways and means in his power. Section 500 (a) (1), Tariff Act of 1930. It was the duty of the collector to assess duty on the basis of the final appraised value. Section 503, Tariff Act of 1930, as amended. He was required to use the value found by the appraiser, in the absence of a reappraisement by the courts, although the appraiser admitted it to be erroneous. *Sheffield Merchandise, Inc.* v. *United States*, 36 Cust. Ct. 418, Abstract 59884; *S. Jackson & Son, Inc.* v. *United States*, 40 Cust. Ct. 511, Abstract 61794. Even the courts may not reappraise the merchandise in a classification proceeding or make a correction which involves an alteration of the appraised value. *Import Export Service of N.J. et al.* v. *United States*, 38 Cust. Ct. 235, C.D. 1869, and cases cited.

Plaintiffs claim, however, that relief may be granted under section 520(c)(1) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1953, which provides:

(c)  Notwithstanding a valid protest was not filed, the Secretary of the Treasury may authorize a collector to reliquidate an entry to correct—

(1)  a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, appraisement, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, appraisement, or transaction, or within sixty days after liquidation or exaction when the liquidation or exaction is made more than ten months after the date of the entry, appraisement, or transaction; * * *.

Prior to this amendment, the Secretary of the Treasury was authorized to correct clerical errors in entries or liquidations, and, pursuant to section 514, a protest would lie against the collector's refusal to reliquidate an entry for clerical error discovered within the time stated.  It is evident that the amendment to section 520, *supra*, was intended to permit the Secretary to authorize corrections, not only for clerical error, but for mistake of fact, or inadvertence not amounting to an error in the construction of a law, and also to permit corrections in appraisements and other customs transactions as well as entries and liquidations.  It provides that such corrections be made by means of an authorization by the Secretary of the Treasury to the collector to *re*liquidate an entry, but no reference is made to corrections prior to liquidation.

In the instant case, the protest has not been filed against the Secretary's or the collector's refusal to *re*liquidate the entry to correct a clerical error, mistake of fact, or inadvertence in the appraisement, but against the original liquidation based on an appraisement claimed to be inadvertent.  This situation is not covered by the statute.  Had the statute provided that the Secretary of the Treasury may authorize the collector to *liquidate* or *reliquidate* an entry to correct a clerical error, mistake of fact, or inadvertence in any entry, liquidation, appraisement, or other customs transaction, the circumstances of this case would have been covered.  The court, however, is bound by the specific wording of the statute and may not add to it or take from it when the language employed is unambiguous, conveys a definite meaning, and involves no absurdity.  *Atlantic Aluminum & Metal Distributors, Inc.* v. *United States*, 47 C.C.P.A. (Customs) 88, C.A.D. 735; *United States* v. *Damrak Trading Co., Inc.*, 43 C.C.P.A. (Customs) 77, C.A.D. 611; *Lake County* v. *Rollins*, 130 U.S. 662; *International Expediters, Inc., et al.* v. *United States*, 38 Cust. Ct. 230, C.D. 1868, and cases cited.  The statute as written is clear.  We may not read into it an intention to provide for the present situation which Congress may not have had.

For the reasons stated, I concur in the dismissal of the protest on the ground that it does not state a cause of action.