(C.D. 2329)

JACOB LUNITZ & SON *v.* UNITED STATES

## United States Customs Court, Third Division

(Decided April 9, 1962)

*John D. Rode* (*Ellsworth F. Qualey* of counsel) for the plaintiff.
*William H. Orrick, Jr.,* Assistant Attorney General (*Sheila N. Ziff,* trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges; JOHNSON, J., concurring, and DONLON, J., concurring

RICHARDSON, Judge: The protest in this action involves merchandise, which consists of 110 bales of jute webbing, that was exported from India on April 9, 1955, consigned to plaintiff, and entered at New York on May 23, 1955. On the consumption entry, the total of the entered values of this merchandise was listed at $4,238.42 by the importer, Bemo Shipping Co., who also stated thereon that the merchandise was assessable with duty under paragraph 1015 of the Tariff Act of 1930, as amended, at the rate of 35 per centum ad valorem. Estimated duties of $1,483.30 were paid on May 23, 1955, on the entered values accordingly.

Thereafter, and on or about September 13, 1955, the appraiser advanced the unit values, resulting in a total valuation of the merchandise in the sum of $4,776. Notice of appraisement was given to the importer by the collector on December 15, 1955, by reason of the advance in values. The importer filed an appeal for reappraisement on January 11, 1956, under number 267784-A/328, covering all items as to which values were advanced by the appraiser. This appeal was subsequently abandoned, in consequence of which, a judgment of dismissal was entered in the importer's action on March 19, 1958. This entry was liquidated on the basis of the appraiser's report on June 6, 1958.

Such was the state of the record when, on July 3, 1958, plaintiff (the ultimate consignee of the merchandise herein) filed a protest against the collector's liquidation, on the basis of which this case is now before this court for determination. The claim made by the plaintiff in the protest as so filed is stated as follows:

It is claimed that there was a clerical error in the appraisement of this merchandise within the meaning of Section 520(c)(1) of the Tariff Act of 1930 as amended. Such error has been admitted for other entries for the importer for this period and it is requested that the entry papers be returned to the Appraiser for his report.

After the protest was filed, and before the case was submitted for decision, plaintiff, through its attorney, wrote a letter to the Commissioner of Customs in Washington, D.C., dated October 31, 1958, in an endeavor to invoke action favorable to his client by the Secretary of the Treasury, pursuant to section 520(c)(1) of the Tariff Act of 1930, as amended. In this letter, plaintiff's attorney requested the Secretary of the Treasury to direct the collector to reliquidate the entry and make allowance therein for the clerical error in appraisement of the merchandise. The request for such relief was denied in a letter, dated November 24, 1958, and addressed to the collector by the Bureau of Customs on the ground that the disposition of the importer's appeal to reappraisement foreclosed further administrative consideration as to the valuation of the merchandise.

Thereafter, the case was submitted to the court for decision upon the official papers, including the aforementioned correspondence, and a stipulation of facts. The basis for the claimed clerical error is set forth in the stipulation as follows:

* * * that said merchandise was appraised at various prices per gross yards net packed based on reports that such prices represented the market value for such webbing furnished by the United States Consul General in Calcutta for the export date; that subsequent to appraisement a further report was received from the Consul General that the prior report of market values was in error and that the correct market values for the export date were 10 per centum less than that of the original report.

With respect to the question presented concerning the alleged clerical error, the parties further stipulated:

* * * that if an appeal for reappraisement had not been filed relief would have been granted under the provisions of Section 520(c)(1), *supra*; that the sole question involved is whether or not relief may be granted under Section 520(c)(1) when an appeal for reappraisement was filed and abandoned.

Section 520(c)(1) of the Tariff Act of 1930, as amended, to which plaintiff refers in the protest, states:

(c) Notwithstanding a valid protest was not filed, the Secretary of the Treasury may authorize a collector to reliquidate an entry to correct—(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, appraisement, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, appraisement, or transaction, or within sixty days after liquidation or exaction when the liquidation or exaction is made more than ten months after the date of the entry, appraisement, or transaction.

It is the plaintiff's contention that the Secretary of the Treasury had the power to correct the clerical error in the appraisement, pursuant to section 520(c)(1), *supra*, notwithstanding the abandonment and dismissal of the importer's appeal for reappraisement. The defendant

maintains that the abandonment and dismissal of the importer's appeal for reappraisement is final and conclusive on the question of the valuation of the merchandise and precluded the Secretary of the Treasury from taking administrative action, as requested by plaintiff, to correct any clerical error in the appraisement.

We are of the opinion that the stipulated question is not before this court for determination. We reach this conclusion by virtue of the fact that, in its protest, plaintiff has asserted the single claim that the appraiser's valuation is affected by "clerical error" and asks that the entry papers be returned to the appraiser. Furthermore, it is clear to us from the record that the stipulated question is predicated upon a state of facts which transpired subsequent to the filing of the instant protest and that such question has not been covered by a separate and subsequent protest, or by amendment of the instant protest. For a similar reason, we had occasion to decline to pass upon the same question as is here presented, in the recent case of *Berkery, Inc., et al.* v. *United States*, 47 Cust. Ct. 102, C.D. 2287, which follows a line of cases decided by the court. See also, *J. W. Hampton, Jr., & Co., Inc.* v. *United States*, 37 Cust. Ct. 425, Abstract 60376; *R. Alexander* v. *United States*, 67 Treas. Dec. 1212, Abstract 30617. In the *Berkery* case, *supra*, the court stated, among other things:

In the instant case, the protest has not been filed against the Secretary's or the collector's refusal to *reliquidate* the entry to correct a clerical error, mistake of fact, or inadvertence in the appraisement, but against the original liquidation based on an appraisement claimed to be inadvertent. This situation is not covered by the statute. [Italics quoted.]

Similarly, in the case at bar, we think that the applicability of 19 U.S.C.A., section 1520(c)(1) (section 520(c)(1) of the Tariff Act of 1930), as amended, has not been presented in the instant protest, and we, therefore, decline to pass upon the question which has been raised under that statute.

Turning our attention to the only question which has been presented under the protest, we are of the opinion that no justiciable issue arises thereunder for this court to decide. In its singular claim, plaintiff has shown no dissatisfaction with the collector's ascertainment and liquidation of duties covering the merchandise in question. Plaintiff seems only to be aggrieved by the appraiser's valuation of the merchandise. Under such circumstances, we are powerless to administer a remedy, however just may be plaintiff's grievance. It is well settled that valuation of the merchandise cannot properly be the subject for judicial review in a protest proceeding. *P & P Industries* v. *United States*, 40 Cust. Ct. 598, Abstract 62066; *J. D. Smith Inter-Ocean, Inc.* v. *United States*, 35 Cust. Ct. 327, Abstract 59509; *Ringk & Co.* v. *United States*, 12 Ct. Cust. Appls. 40, T.D. 39980.

Neither do we think that the error alleged to have been committed by the appraiser is clerical in nature. As we read the stipulation of facts, we think that the appraiser intended to make the very appraisal of the merchandise which he returned to the collector. The fact that this appraisal was based upon data supplied to him by the consul general in Calcutta, India, which later turned out to be erroneous, does not, in our opinion, make the appraiser's act of valuation any less intentional on his part. The appraiser's refusal to admit error in his appraisement lends credence to this view. In an interoffice communication, entitled "Memorandum to Accompany Invoice" and filed with the official papers, the collector inquired of the appraiser, on December 5, 1958, the following:

Atty claims that in cases similar to this error was made in appt and confirmed Therefore,

(1) at time of original appt were all facts necessary for appt in your possession or known to you?

(2) Was error made in appt?

(3) What is correct unit of value?

To this inquiry, the appraiser replied on the same document, on January 16, 1959, as follows:

Collector:

It is the opinion of this office that no error was made in this appraisement. The similar cases referred to occurred one year later and were confirmed by a communication from the American Consul General at Calcutta, India dated 9/28/56. It is not believed that the errors extended back to April 1955.

The appraised values are the values used in the appraisement of all webbing exported in April 1955 and are believed correct.

Under these circumstances, we are impelled to the conclusion that the stipulated error in appraisement was not a clerical error, as those terms have been used in the statutes and construed by the courts, involving an error made by a copyist or by one upon whom no duty devolved to exercise original thought or judgment. *S. Yamada* v. *United States*, 26 C.C.P.A. (Customs) 89, T.D. 49628. And inasmuch as a correction of the stipulated error would involve an alteration of the appraised value, this court is not empowered to grant such relief in a protest proceeding. *Cf. Import Export Service of N.J. et al.* v. *United States*, 38 Cust. Ct. 235, C.D. 1869.

As to whether or not any other remedy is open to plaintiff for relief, we express no opinion. Suffice it to say the plaintiff has not brought itself within the remedies available under 19 U.S.C.A., sections 1514 and 1520(c)(1).

For the reasons stated, we are constrained to and do dismiss the instant protest. Judgment will be rendered accordingly.

CONCURRING OPINION

JOHNSON, Judge: I am in accord that the protest herein should be dismissed, for the reason that the claim raised in the stipulation is not properly before the court for determination and for the further reason that the protest itself does not state a cause of action.

The protest is directed against the collector's liquidation, but the claim raised in the stipulation involves a subsequent decision of the Secretary of the Treasury, or his authorized representative, that relief could not be granted under section 520(c)(1) of the Tariff Act of 1930, as amended, because an appeal for reappraisement had been filed and abandoned.

Section 520(c)(1) permits the Secretary to authorize the collector to reliquidate an entry to correct a clerical error, mistake of fact, or other inadvertence in an appraisement, if the error is brought to the attention of the customs service within a specified time. The statute contemplates, and the facts in the stipulation herein involve, action taken after a liquidation. Any such action or decision could not merge in the liquidation and are not before the court for review on a protest directed against the liquidation. *Berkery, Inc., et al.* v. *United States*, 47 Cust. Ct. 102, C.D. 2287; *Henry Clay & Bock & Co., Ltd.* v. *United States*, 38 Cust. Ct. 489, Abstract 60715; *John S. Connor* v. *United States*, 46 Cust. Ct. 435, Abstract 65492. Furthermore, the court has no jurisdiction to pass upon errors or claims which have not been alleged in the protest. *United States* v. *E. H. Bailey & Co.*, 32 C.C.P.A. (Customs) 89, C.A.D. 291; *American Mail Line, Ltd.* v. *United States*, 34 C.C.P.A. (Customs) 1, C.A.D. 335.

The actual claim in the protest before the court is that there was a clerical error in the appraisement, and it was requested that the papers be returned to the appraiser for his report.

It is well settled that the return of the appraiser is final after it has been transmitted to the collector, and he may not modify it thereafter nor make a second appraisement. *Igstaedter & Co.* v. *United States*, 11 Ct. Cust. Appls. 477, T.D. 39570; *Ringk & Co.* v. *United States*, 12 Ct. Cust. Appls. 40, T.D. 39980; *United States* v. *Dorn & Co.*, 13 Ct. Cust. Appls. 130, T.D. 40961; *United States* v. *Gothic Watch Co.*, 23 Cust. Ct. 235, Reap. Dec. 7712. A liquidation based on an attempted second appraisement by the appraiser is void. *The Gruen Watch Company* v. *United States*, 24 Cust. Ct. 101, C.D. 1216. Therefore, the relief requested in the protest, that the papers be returned to the appraiser, presumably for alteration in the appraised value to correct the alleged error, could not be granted by the court.

While this court may order a reliquidation to correct any error, legal or factual, made by the collector in the liquidation or to correct a clerical error in the entry, it may not reappraise the merchandise in a

classification proceeding. *Import Export Service of N.J. et al.* v. *United States*, 38 Cust. Ct. 235, C.D. 1869.

In the case cited, the merchandise was appraised on the basis of the value given in the consular invoice. Subsequent to appraisement and liquidation, another consular invoice was presented, giving a lower value. It was claimed that the value in the original invoice was due to a clerical error on the part of the shipper and that the entry should be reliquidated on the ground of clerical error, mistake of fact, or inadvertence, under section 520(c)(1), as amended.

We dismissed the protest, for the reason that the appraisement had become final and conclusive on all parties, stating (pp. 240–241):

In the instant case, there is no evidence that there was any mistake in the appraisement. It correctly expressed the meaning intended by the appraiser and was the result of his deliberate judgment. Had other evidence of value, such as the second consular invoice, been before him at the time of appraisement, he might, or might not, have found a different value for the merchandise. * * *

The difficulty with plaintiffs' position is that the relief sought is not merely the correction of a clerical error or mistake of fact in the appraisement. The appraiser has not admitted that there was any such mistake. Therefore, to make any change therein would be to substitute someone else's judgment as to what the correct dutiable value of the merchandise was. * * *

Although section 520(c)(1), as amended, permits the Secretary of the Treasury to authorize the collector to reliquidate an entry to correct a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, in an appraisement, we do not think that section was intended to allow the Secretary, or the collector, or the court to reappraise the merchandise. * * *

\*          \*          \*          \*          \*          \*          \*          \*

In the instant case, in view of section 501 of the Tariff Act of 1930, as amended, neither the Secretary nor the collector nor the court had any authority to grant the relief requested, since to do so would involve more than a correction of a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, and would result in a new appraisement of the merchandise. Inquiry as to value must end somewhere and Congress, in its wisdom, has provided that a valid appraisement is final and conclusive on all parties, unless a timely appeal for reappraisement is filed.

In this case, also, there is no proof of a clerical error or mistake of fact by the appraiser. At a time subsequent to the date of the second letter from the consul general, which allegedly reported that the figures given previously were erroneous, the appraiser stated that there was no error in the appraisement; that the information in the second letter did not apply to this case. No clerical error or mistake of fact is manifest from the record or established by documentary evidence. A change in the appraised value could be made only as the result of a substitution of someone else's judgment as to what the correct dutiable value of the merchandise was. Under these circum- stances, although it was stipulated that "if an appeal for reappraise-

ment had not been filed relief would have been granted under the provisions of Section 520(c) (1)," administrative action changing the appraised value would not have been valid, nor may the court make such an alteration in a classification proceeding.

For the reasons stated, the protest herein must be dismissed.

### CONCURRING OPINION

DONLON, Judge: It is difficult to understand why any plaintiff should find himself in the position of plaintiffs here and in *Berkery, Inc., et al.* v. *United States,* 47 Cust. Ct. 102, C.D. 2287, recently decided.

Clerical error in appraisement may be corrected, even after liquidation. Congress has so provided; but an importer must follow the procedure Congress established in order to invoke the jurisdiction of this court in such a case. This the plaintiffs in the *Berkery* case did not do. This plaintiff here has not done.

Whatever our jurisdiction may be for repair of injury arising from clerical error on the part of the collector in liquidation, properly protested, it seems clear that after appraisement has become final, there may be no change in that appraisement save only where a plaintiff has "brought to the attention of the customs service" a clerical error in the appraisement, within the terms specified by Congress in section 520, Tariff Act of 1930, as amended, and then has duly protested the collector's "refusal to reliquidate" to correct the alleged error.

A statutory right has seldom been more cogently stated by Congress. This right, for the correction, subsequent to liquidation, of a clerical error that exists in the underlying appraisement, is a right importers did not enjoy until Congress conferred it. It is the single exception to the rule preserving finality of a valid, even though erroneous, appraisement.

Authority for the correction of clerical error in an appraisement was conferred by Congress on the customs service, not on this court. It is the refusal of the customs service to reliquidate to correct the clerical error which, duly protested, invokes the jurisdiction of this court. The remedy, when the facts of record developed support such protest, is a judgment order of the court directing the reliquidation.

The protest here states no cause of action. There is no showing that the plaintiff has complied with section 520, nor that what it protests is the collector's refusal to reliquidate to correct the alleged clerical error in the appraisement, theretofore duly and timely brought to his attention pursuant to section 520. To the contrary, it appears that plaintiff merely protests the original liquidation, without any showing of compliance with section 520, of the collector's "refusal to reliquidate," and protest of such refusal.

The court has no jurisdiction under these circumstances. For the reasons I have stated, the protest must be dismissed. Lacking jurisdiction, any discussion of the merits of the protest or its sufficiency in other respects is *obiter dicta*.