(C.D. 2495)

BERKERY, INC.
DANIEL F. YOUNG, INC. } *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 19, 1964)

*Barnes, Richardson & Colburn* (*Norman C. Schwartz* of counsel) for the plaintiffs.

*John W. Douglas*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges; DONLON, J., concurring

RICHARDSON, Judge: Plaintiffs protest the collector's refusal to reliquidate the subject entry pursuant to 19 U.S.C.A., section 1520(c) (1) (section 520(c)(1), Tariff Act of 1930, as amended by the Customs Simplification Act of 1953), to correct a clerical error, mistake of fact, or other inadvertence occurring in the appraisement of the involved importations of raffia which were exported from England and entered at New York. A prior protest embracing the same entry and making substantially the same claim was dismissed by this court for prematurity, by reason of the protest having been filed before liquidation. *Berkery, Inc., et al. v. United States*, 47 Cust. Ct. 102, C.D. 2287. This procedural difficulty has now been surmounted in the instant protest proceeding.

The error, mistake, or other inadvertence complained of arose when the appraiser used the expression "£3/2/0 per lb." in stating the appraised unit value of the merchandise as advisorily reported by the examiner, instead of the expression "£0/3/2 per lb." as was the appraiser's intention. That such an error, mistake, or inadvertence occurred appears to be conceded by the parties, as well as all persons connected with the case administratively, and is amply supported by the record before us, including the record in *Berkery, Inc., et al. v. United States, supra*, which is incorporated in this protest. The question in this protest is whether the collector properly refused to reliquidate the involved entry pursuant to 19 U.S.C.A., section 1520(c)(1), to correct such error, mistake, or other inadvertence, in view of action

taken by plaintiff Daniel F. Young, Inc., in filing an appeal for reappraisement covering the entry, and later abandoning the appeal, thereby suffering a judgment of dismissal to be entered in the reappraisement proceeding. The collector's refusal to grant relief to the plaintiffs by reliquidation is predicated upon a Bureau of Customs ruling that the filing, abandonment, and dismissal of the reappraisement appeal foreclosed further administrative consideration of the matter under 19 U.S.C.A., section 1520(c)(1), in that the appraisement became final upon plaintiffs' failure to further appeal following the dismissal of the reappraisement appeal, and the rule of *res adjudicata* barred administrative redetermination of the question.

The provisions of 19 U.S.C.A., section 1520(c)(1) are as follows:

(c)   Notwithstanding a valid protest was not filed, the Secretary of the Treasury may authorize a collector to reliquidate an entry to correct—

(1)   a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, appraisement, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, appraisement, or transaction, or within sixty days after liquidation or exaction when the liquidation or exaction is made more than ten months after the date of the entry, appraisement, or transaction ; . . . .

The plaintiffs contend that the dismissal of the reappraisement proceedings herein does not preclude administrative determination of the instant claim under 19 U.S.C.A., section 1520(c)(1).

The merits of the situation out of which the claim at bar arose were not involved in the reappraisement proceeding which culminated in the judgment of dismissal. This is the crux of the matter. Under the doctrine of *res adjudicata*, which is here relied upon by the defendant, a judgment upon the merits in one suit is held conclusive in another where the parties and subject matter are the same, in respect to matters actually presented to sustain or defeat the right asserted, and also as to any other available matter which might have been presented. *Grubb* v. *Public Utilities Commission of Ohio et al.*, 281 U.S. 470, 479; *Cromwell* v. *County of Sac.*, 94 U.S. 351; *Chicot County Drainage District* v. *Baxter State Bank et al.*, 308 U.S. 371; *Joseph Fischer as Liquidating Agent of Schmoll Fils Associated, Inc.* v. *United States*, 38 CCPA 143, 148, C.A.D. 452. However, a trial upon which nothing is determined cannot support a plea of *res adjudicata*. *Manhattan Life Insurance Co.* v. *Broughton*, 109 U.S. 121. A judgment of nonsuit, whether rendered because of the failure of the plaintiff to appear and prosecute the action or rendered on consent of the parties, is not conclusive as an estoppel because it does not determine the rights of the parties. *United States* v. *Parker*, 120 U.S. 89; *Baer Brothers Mercan-*

*tile Company* v. *Denver & Rio Grande Railroad Company*, 233 U.S. 479. An entry of a dismissal of a suit by consent is not an abandonment of a claim. *Haldeman et al.* v. *United States*, 91 U.S. 584. On the other hand, a retraxit, which is a voluntary renunciation of a claim in open court, differs from a nonsuit and bars further action by the same parties on the same subject matter. *United States* v. *Parker*, *supra; Virginia Concrete Company* v. *Board of Supervisors*, 197 Va. 821; 91 S.E. 2d 415; 17 Am. Jur. 162, section 91. A judgment of dismissal with prejudice or pursuant to a settlement is a judgment on the merits barring another action for the same cause. *Bergeson* v. *Life Insurance Corporation of America*, 265 F. 2d 227; *Virginia Concrete Company* v. *Board of Supervisors, supra.*

In the instant case, the abandonment of the appeal for reappraisement was not a retraxit or voluntary renunciation of a claim in open court by the plaintiffs. The judgment of dismissal did not involve the merits and is not a bar to any subsequent action which might properly be brought. The abandonment of the appeal removed or withdrew from judicial consideration all questions pertaining to the appraisement, as effectively as if no appeal had ever been instituted. *Bartlett* v. *Kane*, 57 U.S. 263. And the judgment of dismissal, based wholly upon such voluntary act of abandonment by the plaintiff, Daniel F. Young, Inc., simply effectuated that result.

I express no opinion on what may be the reasons why plaintiffs' counsel obtain their clients' consent before abandoning cases.

Defendant argues that a reliquidation by the collector under 19 U.S.C.A., section 1520(c)(1), subsequent to the entry of said judgment of dismissal, would contravene the mandate of 28 U.S.C.A., section 2636(a). I do not agree with this argument. In my opinion, the appellate procedures provided for in 28 U.S.C.A., section 2636(a) are not applicable to the instant case. In the first place, it is highly improbable that a party who abandoned an appeal would have cause to seek review of or to appeal from a judgment on the dismissal. Secondly, even if such an appellant had cause to repent the abandonment of a reappraisement appeal, his remedy would be by means of a motion to vacate the dismissal judgment and for restoration of the appeal for a determination on the merits. See: *S. Handal & Sons, Inc.* v. *United States*, 38 Cust. Ct. 620, Reap. Dec. 8775. Thirdly, only a "reappraisement judgment" is within the purview of 28 U.S.C.A., section 2636(a), that is, a judgment which engages the single judge in finding a value for the merchandise, pursuant to 28 U.S.C.A., section 2631. A dismissal predicated upon an abandonment of the appeal is not such a judgment. The dismissal judgment renders final and conclusive the appraisement itself. *Bartlett* v. *Kane, supra.* And the finality of appraisement inheres in every appraisement against which

19 U.S.C.A., section 1520 (c) (1) is subsequently invoked for the correction of errors, mistakes, or inadvertence.

While it may be true, as defendant contends, that 19 U.S.C.A., section 1520 (c) (1) owes its existence to efforts advanced by the Treasury Department and presumably sanctioned by the Congress, although nothing is indicated to that effect in legislative history, to simplify procedures and provide a prompt means of correcting admitted errors in customs transactions without *appeal* to the courts, I do not interpret such objective to require a construction which results in the exaltation of form above substance. On the contrary, I think the correct interpretation of 19 U.S.C.A., section 1520 (c) (1) requires a collector, to whom a request for relief under section 19 U.S.C.A., section 1520 (c) (1) is timely made, as in the case at bar, to look through the form of any such judgment to its substance to ascertain what was actually decided by the court. Indeed, I find in the instant record that this is no less than what the collector undertook to do herein in rejecting plaintiffs' request for such relief, when he interpreted the precise limits of the decision in *Berkery, Inc., et al.* v. *United States, supra,* from among the views there expressed by members of this division. It is no less than what he should have done in ascertaining whether the dismissal judgment effected a reappraisement, or simply accomplished a withdrawal of the appeal for reappraisement in favor of the finality of the appraisement itself.

For the reasons stated, I hold that the judgment of dismissal herein was not *res adjudicata,* and did not bar plaintiffs from pursuing a remedy under 19 U.S.C.A., section 1520(c) (1). The instant protest is, therefore, sustained.

Judgment will be entered accordingly.

CONCURRING OPINION

DONLON, Judge: I concur in the judgment order sustaining the protest, but arrive at that decision by a different route from that my colleague has traveled. I do not agree that judgment of this court entered on the formal abandonment, or withdrawal, by plaintiff of its appeal to reappraisement has the same effect, at law, as does judgment entered on defendant's motion to dismiss an appeal for failure to prosecute. In my opinion, the law is otherwise.

As it was in *Berkery, Inc., et al.* v. *United States,* 47 Cust. Ct. 102, C.D. 2287, it seems to me unnecessary here to discuss whether formal abandonment by plaintiff of its appeal to reappraisement was, or was not, a *retraxit.* Our decision need not rest on that issue, and I would prefer to refrain from including *dicta* in our opinion. However, since my colleague has stated that his opinion is that abandonment before

the Customs Court is not a *retraxit*, I shall outline briefly the reasons which lead me to a contrary view.

*Retraxit* is an ancient common law concept. It is the act by which a plaintiff withdraws his suit in court, thereby losing his cause of action. There are many cases construing what *retraxit* is. However, the subject is well covered in American Jurisprudence, volume 17, page 106, from which I quote the following:

* * * It [*retraxit*] differs from a nonsuit in that it is the act of the plaintiff himself and cannot even be entered by attorney, and it must be entered after declaration. The one is negative and the other is positive; the nonsuit is a mere default and neglect of the plaintiff, and therefore he is allowed to begin his suit again upon the payment of the costs, but a retraxit is an open and voluntary renunciation of his suit in court, and like a judgment on the merits, is a bar and estops the plaintiff from again proceeding in another suit on the same cause of action.

That counsel traditionally have regarded abandonments in this court by plaintiffs to have the legal effects of *retraxit*, is emphasized by their scrupulous conformity to *retraxit* procedures. They obtain from plaintiff authority to abandon. They frequently request continuances in order to get such authority. They decline, quite correctly, to abandon without the authorization of the plaintiff. Failing such authorization, they often stand silently in court while defendant moves for dismissal for failure to prosecute, which constitutes what is called a mere default.

That abandonment of an appeal to reappraisement has the common law effects of *retraxit* was held in *Bartlett* v. *Kane*, 57 U.S. 263; 14 L.ed. 931. So far as research shows, it is the only case involving abandonment of an appeal to reappraisement that went up to the United States Supreme Court. The importer had abandoned his appeal to reappraisement. While decided in 1853, there is neither statute nor contrary decision of our highest Court changing the effects of abandonment on the right to reappraisement.

The Supreme Court, on this issue, said:

In this case the plaintiff * * * withdrew it [the appeal], * * *. After this, we think he could not dispute the exactness of the appraisement. [P. 273.]

The critical issue here, however, is not *retraxit*. This is not the attempted revival of an appeal to reappraisement which has already become final and conclusive. 19 U.S.C., section 1501.

This is a *protest* against the collector's refusal to reliquidate for correction of a clerical error. That is quite a different cause of action. Plaintiff has conformed to the section 1520(c)(1) procedure. The clerical error is conceded. Plaintiff has a right to reliquidation for correction of that error. For the reasons I have stated, I join in the judgment order directing reliquidation.