(C.D. 3643)

VERONA DYESTUFFS, DIV. OF VERONA PHARMA CHEMICAL CORP *v.*
UNITED STATES

United States Customs Court, Second Division

(Dated December 16, 1968)

*Sharretts, Paley, Carter & Blauvelt* (*Charles P. Deem* of counsel) for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Steven R. Sosnov*, trial attorney), for the defendant.

Before RAO, FORD, and NEWMAN, Judges

RAO, Chief Judge: This case is before the court on two motions:

(1) A motion brought by plaintiff for pretrial conference for the purpose of obtaining admissions of certain facts from the defendant which it is alleged would simplify the issues, avoid unnecessary proof, and limit the number of witnesses. It is opposed by the defendant on the ground that the protest fails to state a cause of action because the essence of it concerns valuation of the merchandise.

(2) A motion brought by defendant for dismissal of the protest on the ground that the court lacks jurisdiction thereof in that it relates only to appraisement matters which have become final by operation of law. Section 501 of the Tariff Act of 1930, as amended. Plaintiff claims that the protest relates to the action of the liquidating officer in failing to deduct the cost of the drums from the value of the merchandise.

A previous motion to dismiss made at the calendar call on November 12, 1968 was denied without prejudice and the case continued until December.

The merchandise involved herein consists of color dyes imported in steel drums. The dyes were entered at $5.56 per pound less 1 percent, less $24.00, representing the cost of the containers. The steel drums were entered at $24.00. The appraiser's notation states:

Appraised at U.S. $5.56 per lb.
less 1%   Packed
Drums (not included in above)
appraised at Invoice Units each

The summary sheet indicates that the value was advanced and notice of appraisement was sent to the importer stating that the appraised value exceeded the entered value. No appeal for reappraisement was filed.

In liquidation, duty was assessed on the appraised value of the dyes at 40% ad valorem under item 406.50, Tariff Schedules of the United States, and at 10% on the appraised value of the drums under item 640.30.

The protest is directed toward the assessment of duty on the drums under item 640.30, but states:

You have assessed duty on these drums not only as reusable containers of merchandise but you have also included the cost of drums in the value of the merchandise. This double assessment of duties is improper and contrary to law.

You should reliquidate this entry and assess duty only on the value of the merchandise at the rate applicable to the merchandise. See *General Aniline Works, Inc.* v. *United States*, 63 T.D. 1582, Abstract No. 24382.

Plaintiff thus is claiming that the appraised value of the merchandise included the cost of the drums and that, therefore, in assessing duty on the merchandise the cost of the drums should have been deducted.

The appraiser's notation quoted above indicates that the merchandise and the drums were appraised separately at separate values, and that the cost of the drums was not included in the value of the merchandise. Plaintiff contends to the contrary, on the ground that in using the word "packed" with reference to the merchandise the appraiser was including the cost of the drums. This does not follow as the invoice lists an amount for packing (labor) in addition to the cost of the containers. The appraisement appears to be in accordance with an abstract of unpublished decision, 85 Treas. Dec. 77-78, T.D. 52431 (3), which states:

* * * The principle of this abstract is applicable to any case in which merchandise is imported in usual containers which are separately dutiable, such as drums classifiable under paragraph 328 of the tariff

act. The cost of such separately dutiable containers is not a part of the appraised value of the contents; and no part of the costs, charges, and expenses incident to packing the merchandise for shipment to the United States shall be included in the appraised value of the separately dutiable usual containers. * * *

In any event, plaintiff may not claim in the present proceedings that the appraised value of either the contents or the containers was erroneous. The time for appeal for reappraisement having expired and no appeal having been taken, the appraised values are final and conclusive on all parties. *Eurasia Import Co. Inc.* v. *United States*, 31 CCPA 144, C.A.D. 265; *Jacob Lunitz & Son* v. *United States*, 48 Cust. Ct. 155, C.D. 2329.

In support of its contention that the liquidating officer acted erroneously, plaintiff has called our attention to General Headnote 6 of the Tariff Schedules of the United States, as amended, which provides as follows:

6. *Containers or Holders for Imported Merchandise.* For the purposes of the tariff schedules, containers or holders are subject to tariff treatment as follows:

 *  *  *  *  *  *  *

(b) *Not Imported Empty:* Containers or holders if imported containing or holding articles are subject to tariff treatment as follows:

(i) The usual or ordinary types of shipping or transportation containers or holders, if not designed for, or capable of, reuse, and containers of usual types ordinarily sold at retail with their contents, are not subject to treatment as imported articles. Their cost, however, is, under section 402 or section 402a of the tariff act, a part of the value of their contents and if their contents are subject to an ad valorem rate of duty such containers or holders are, in effect, dutiable at the same rate as their contents, except that their cost is deductible from dutiable value upon submission of satisfactory proof that they are products of the United States which are being returned without having been advanced in value or improved in condition by any means while abroad.

(ii) The usual or ordinary types of shipping or transportation containers or holders, if designed for, or capable of, reuse, are subject to treatment as imported articles separate and distinct from their contents. Such holders or containers are not part of the dutiable value of their contents and are separately subject to duty upon each and every importation into the customs territory of the United States unless within the scope of a provision specifically exempting them from duty.

Plaintiff claims that these provisions mean that "while all imported merchandise to be appraised in a packed condition, where the packing

consists of reusable drums, the appraising officer is to provide a value for such containers in addition to his value for the contents packed in said containers, and the liquidating officer is to assess duty at the appropriate rate based on the value attributed to the reusable containers by the appraising officer, and is also to assess duty at the appropriate rate on the contents after deducting from the appraised value thereof the cost of the drums necessarily included therein."

We are not in accord with this interpretation. The language of section 6(b)(ii) clearly indicates that reusable containers are to be treated as separate articles of commerce, subject to separate appraisement and separate assessment of duty. There is nothing in that subsection requiring or permitting the liquidating officer to deduct one value from the other.

In the instant case, the dyes were appraised, packed, but the packing did not include the cost of the containers, and the containers were appraised separately.

The liquidating officer properly assessed duty on the merchandise exclusive of the cost of the containers, as appraised, and on the containers, as appraised.

We conclude that the protest does not state a cause of action. Plaintiff's claim in essence relates to the appraised value of the dyes which it contends includes the value of the containers. That issue is not justiciable in this proceeding. *Heemsoth Kerner Corporation* v. *United States*, 31 Cust. Ct. 113, C.D. 1554; *Parmentier's Roses* v. *United States*, 39 Cust. Ct. 170, C.D. 1921; *Saxe Cutch Corporation* v. *United States*, 35 Cust. Ct. 305. Abstract 59446.

The motion to dismiss the protest herein is granted and the motion for a pretrial conference denied.